## DEAN v. THE STATE.

37    57
73    143

1 MALICIOUS MISCHIEF: *Indictment for killing a mule; Inclosure.*
An indictment for killing a mule need not allege that it was killed in an enclosure having an insufficient fence. If killed while trespassing in the defendant's inclosure, having a lawful fence, he can prove it in defense.

2. PRACTICE IN SUPREME COURT: *Bill of exceptions.*
    Where the bill of exceptions does not state that it contains all the evidence introduced, or facts proved on the trial, the presumption is in favor of the correctness of the judgment.

APPEAL from *Conway* Circuit Court.
Hon. JOHN FLETCHER, Special Judge.

The defendant was convicted in the Conway Circuit Court of malicious mischief in killing a mule. Motions for new trial, and in arrest of judgment, were overruled, and he appealed to this Court.

The opinion states the case.

*C. B. Moore, Attorney-General,* for appellee:

It was matter of defense, if the fence was not five feet high. It is not necessary to allege that it was.

Cited in support of the judgment, Sections 1380 and 1381 *Gantt's Digest; Acts of* 1879, *p.* 85, approved March 17, 1879.

ENGLISH, C. J. I. There is nothing in the motion in arrest of judgment.

The indictment was for malicious mischief, and charged, in substance, that Moses Dean, on the first day of May, 1880, in the county of Conway, etc., one mule, of the value of one hundred and fifty dollars, of the property, goods and chattels of one Hampton Hines, did unlawfully, wilfully and maliciously kill, contrary to the statute, etc., etc.

All the material facts to constitute an offense, under the statute (Acts of 1879, p. 85) are alleged in the indictment.

1. MALI-
CIOUS MIS-
CHIEF:
Indict-
ment for
killing a
mule:
The particular objection taken to the indictment in the motion in arrest of judgment, is that it "does not allege that the grounds in which the mule is charged to have been

killed were not inclosed with a lawful fence, as indicated in the *proviso* of the act under which the indictment was drawn."

It is not alleged that the mule was killed in any particular grounds, nor was such an allegation necessary.

When the animal is killed when trespassing in the in-Inclosure. closure of defendant, and he has a lawful fence, that may be shown in defense, under the *proviso* of the statute.

II. Appellant was found guilty by the jury, a fine of $50 assessed against him as punishment, and the value of the mule fixed at $100.

He made no objections to the instructions given on the part of the state, and the Court gave all asked by him.

The grounds of the motion for a new trial were that the verdict was against the evidence, the law and the instructions of the Court ; and that the value fixed upon the mule was greater than warranted by the proof.

The evidence introduced by the State conduced to prove that defendant shot and killed a mule belonging to Hampton Hines, in May, 1880 ; that they had had a previous difficulty, and were not friendly.

It appears that the mule was shot in the yard of defendant, jumped the fence, and went part of the way home, but fell and died on the road. The yard and field of the defendant were inclosed by the same rail fence, there being no division fence.

The mule was perhaps shot in the night, and early next morning was found by Hines and others dying, and by its tracks and blood traced back to defendant's house. Hines attempted to measure the height of defendant's fence, when he picked up a rail, and told him if he measured his fence without legal authority he would kill him. He did measure it, however, where the mule had jumped over it out of

the yard, and found it only there feet high, and it was not more than four feet high all around.

Another witness testified that he, with others, had rode around the fence, and it appeared to be not more than four feet high in the highest places. Witnesses for the defense testified that the fence was five feet high.

So the evidence was conflicting as to the value of the mule. Hines swore it was worth $127.50, and a witness for the defense testified that it was not worth over $50 or $60.

The value of the mule, the height of the fence, and whether defendant killed the mule, and if so, maliciously, were all questions of facts for the jury, and it was their peculiar province to judge of the weight of the evidence.

2. BILL OF EXCEP- TIONS: When judgment presumed correct.

It is not stated in the bill of exceptions that it was proved that the mule was killed by defendant in the county of Conway, but the bill of exceptions does not purport to set out all the evidence introduced on the trial. The principal contest seems to have been about the height of the inclosure in which the mule was shot, and the value of the animal, and the testimony of the witnesses is not stated in the bill of exceptions in detail, as given by them, nor does it purport to state all the facts proved by the several witnesses, nor that the evidence set out was all that was introduced upon the trial.

Where it does not appear from the bill of exceptions that it sets out all the evidence introduced, or facts proved on the trial, the presumption is in favor of the judgment.

Affirmed.