J. W. WALKER, Appellant, v. N. K. FAIRBANKS & COMPANY, Garnishee of D. C. HENDERSON, Respondent.

### St. Louis Court of Appeals, December 5, 1893.

1. **Garnishment**: EFFECT OF ANSWER OF GARNISHEE. The answer of a garnishee to the interrogatories filed by the attaching creditor is evidence in his favor of all affirmative facts stated therein by way of avoidance; accordingly it casts upon such creditor the burden of rebutting the allegations made in it.

2. ———: JURISDICTION. A debt must have its *situs* within the territorial limits of the jurisdiction of a court in order to be subject to garnishment under the process of that court; and its *situs* for this purpose is the place where it is payable.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Walter B. Douglas* for appellant.

A corporation organized in another state, but doing business and having property in this state, is subject to garnishment here. Revised Statutes, 1889, secs. 2538, 5218, 2009, 2010, 521; *Ritter v. Ins. Co.*, 28 Mo. App. 140; *Keating v. Refrigerator Co.*, 32 Mo. App. 297; Drake on Attachment, sec. 477; Murfree on Foreign Corporations, sec. 261; *McAllister v. Ins. Co.*, 28 Mo. 214; *Railroad v. Crane*, 102 Ill. 249. The *situs* of a debt is the place where the debt is payable, the debtor is found and subject to garnishment. *Green's Bank v. Wickham*, 23 Mo. App. 663. It being shown that the garnishee is a resident of this state for the purpose of garnishment; that the debtor was employed in this state to do work for the business conducted in the

state under the direction of the manager of the business in this state; that his account was kept here and his salary paid by checks made here upon a St. Louis bank; such evidence, if not rebutted or avoided by other evidence, establishes the fact that the debtor's salary is payable here. The fact that the plaintiff in this case is a resident of this state makes this case widely different from the cases of *Fielder v. Jessup*, 24 Mo. App. 91, and *Todd v. Mo. Pac. R'y Co.*, 33 Mo. App. 110, where the debtor and the creditor were both residents of the same state and nonresidents of this state. *Pennoyer v. Neff*, 105 U. S. 714. An agreement to send checks to a place out of this state is not an agreement to make payment out of this state. 2 Daniel on Negotiable Instruments, sec. 1623; *Chouteau v. Rowse*, 56 Mo. 65.

*J. F. Merryman* for respondent.

In garnishment proceedings, whereby a debt is sought to be condemned, jurisdiction is determined by the *situs* of the debt, and not by the residence of the garnishee or of the debtor. *Fielder v. Jessup*, 24 Mo. App. 91. In the case of foreign attachment or garnishment the *situs* of the debt (as to jurisdiction) is where the garnishee lives, unless the debt by the terms of the contract creating it is payable in another jurisdiction. But, if it appears from an answer in garnishment, not denied, and from the proof offered, that the judgment debtor resides without this state, and that the debt due him is payable in another state, there is no jurisdiction in a court of this state to entertain the proceeding, and a judgment for the plaintiff against the garnishee is error. *Keating v. Refrigerator Co.*, 32 Mo. App. 293; *Todd v. Railroad*, 33 Mo. App. 115; *Green's Bank v. Wickham*, 23 Mo. App. 663; *Fielder v. Jessup*, 24 Mo. App. 91.

ROMBAUER, P. J.—Upon a trial of this cause the court rendered judgment in favor of the garnishee. All the instructions asked by the plaintiff were given, and no exceptions were saved to the admission or rejection of evidence. The garnishee asked no instructions. The only complaint made by the plaintiff is that, under the conceded facts, the court should have rendered judgment against the garnishee.

The garnishee's answer which was filed in June, 1891, admitted an indebtedness to the defendant Henderson, but stated that such indebtedness was payable in Denver in the state of Colorado. The garnishee's answer under our practice is evidence in his favor, even in regard to all affirmative facts stated therein by way of avoidance. (*Holton v. Railroad*, garnishee, 50 Mo. 151; *Ronan v. Dewes*, garnishee, 17 App. 306.) Hence it became incumbent upon the plaintiff to disprove the fact that the debt was payable in Denver, Colorado, and to prove that it was payable here, since the place where the debt is payable is its *situs*, in this class of cases, for the purpose of determining the jurisdiction of the court over it. *Green's Bank v. Wickham*, 23 Mo. App. 663.

On the trial of this cause the plaintiff disclaimed to have attached any debt payable subsequently to July, 1891. The garnishee's officers, who testified for plaintiff, stated that up to January, 1892, the employes of the garnishee, of whom Henderson was one, were paid by checks or drafts on New York city, and that such checks or drafts were invariable sent to Henderson or Henderson's wife to Denver, in the state of Colorado, where Henderson resided. It will be thus seen that, outside of the garnishee's answer, there was ample evidence to support the judgment of the court, because, if the checks or drafts were payment in themselves,

then the *situs* of the debt was Denver, in the state of Colorado, and if the place where the checks or drafts were payable determined the *situs* of the debt, then such *situs* was New York City, in the state of New York. In neither event was the *situs* of the debt in this state. Hence, it results that the court rendered the only judgment which it could have rendered under the facts established by the plaintiff's own evidence.

All the judges concurring, the judgment is affirmed. It is so ordered.