McBEE vs PURCELL NATIONAL BANK

Opinion delivered September 19, 1896.

*1. Garnishment—Situs of Debt—Deposit in Bank.*

Money deposited in a bank is payable at the place of business of such bank, regardless of the residence of the depositor and for the purpose of garnishment the situs of the debt is at the bank where deposited.

*2. Judgment—Collateral Attack.*

The validity of the judgment of a court offered in evidence collaterally in another suit cannot be questioned for errors that do not affect the jurisdiction of the court that rendered it.

*3. Admission of Evidence—Presumption.*

If a bill of exceptions does not contain all the evidence it will be presumed that the errors in admitting testimony shown by the bill of exceptions were cured by the introduction of other testimony which made that objected to competent or which rendered its admission harmless.

*4. Bill of Exceptions—Sufficiency.*

It is sufficient if a bill of exceptions contain such a statement as will clearly present to this court the point involved, but it must appear from the bill of exceptions that no other evidence bearing upon the question was introduced, than that shown therein.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action by Wm. F. McBee against the Purcell National Bank to recover a sum of money deposited in defendant bank. Judgment for defendant. Plaintiff appeals. Affirmed.

The plaintiff in error instituted this action in the United States commissioner's court at Purcell, Indian Territory, to recover $100, alleged to have been deposited by him with the defendant in error, and of which it refused payment. Defendant in error answered, alleging that one William Dean had sued plaintiff in error in the United States commissioner's court at Purcell, Indian Territory, and in the action had garnished defendant in error, which answered in the garnishment proceeding that it had in its possession $100 belonging to plaintiff in error; that Dean recovered a judgment against said McBee in said proceeding for $91.75, which sum defendant paid into the court under an order of the court, in satisfaction of the judgment; that it had subsequently been garnished in an action in the United States Court at Ardmore, Indian Territory, wherein J. R. Ingram was plaintiff, and plaintiff in error defendant, and filed its answer in said garnishment, alleging that it had in its possession the sum of $81.25 belonging to plaintiff in error. It was admitted that Dean and McBee were both residents of Oklahoma, and that the Purcell National Bank was a resident of Purcell at the time of the former's suit in the commissioner's court, and that said McBee was not personally served with summons, and did not appear in the action. It was shown that service was made by publication, but that McBee was ignorant of the pendency of the suit. The president of the Purcell National Bank testified that the money was payable over the bank counter in Purcell. The deposit

(21)

was shown to be an ordinary deposit in the usual course of business, and was admitted not to be a special deposit. The court's findings of fact and conclusions of law are as follows: "That W. M. Dean brought suit by attachment proceedings against Wm. McBee, in the commissioner's court at Purcell, Southern district, Indian Territory, the first of April, 1892, and summoned the Purcell National Bank, the defendant herein, as garnishee; that Dean and McBee were both non-residents of the Indian Territory, and that the garnishee, the Purcell National Bank, was a resident of the said town of Purcell, Indian Territory, that the suit was brought on an open account, and the defendant McBee, in that cause, was constructively served, and never appeared in the case, nor did any one appear for him, that no bond was executed to the said defendant, McBee, and filed in said original proceedings had before the United States commissioner, as the law provides in such cases; that the garnishee answered by its president, S. L. Williams, to the effect that the said defendant in the original suit had made deposit in said bank, and that at the time of the service of said writ there was still to his credit on deposit the sum of one hundred dollars, and that the sum was paid into court by the garnishee on the order of said court; that thereafter, to wit, on the——day of June, 1892, judgment was rendered by the said commissioner, ascertaining and determining that the defendant, McBee, was indebted to the plaintiff, Dean, in the sum of one hundred dollars; that on or about the——day of August, 1892, the money paid into court by the garnishee was paid, by order of the commissioner, to Dean, the plaintiff in said original suit; that the plaintiff in the said original suit, the said McBee, has never instituted any proceedings to quash and set aside the determinations, orders, and judgments made in said original suit. Upon the foregoing findings of fact, the court submits the following conclusions of law: (1) That the original suit of Dean vs McBee was a proceeding

in rem, instituted by attachment, to subject to the plaintiff's debt the one hundred dollars in the hands of the garnishee; that the said one hundred dollars was payable only at the counter of the Purcell National Bank, the garnishee, and that the commissioner at the said town of Purcell had jurisdiction in the original proceedings for the purposes suggested. (2) That the said original proceedings, not being void, but voidable only, could not be assailed collaterally in this suit; that the plaintiff herein, McBee, had five years under the laws in such cases in which to institute direct proceedings to set aside or reform the orders made in said original proceedings. It is therefore the opinion of the court that the law and the facts are with the defendant, the Purcell National Bank, and that it ought to recover herein, and such is the judgment of this court."

*B. D. Davidson* and *J. W. Hocker*, for appellant.

*Geo. M. Miller* and *A. C. Cruce*, for appellee.

LEWIS, J. (after stating the facts.) The deposit of money by appellant in the bank raised between them the relation of debtor and creditor. The first question presented by this record is as to the situs of the debt thus created. If such situs was within the territorial limits of the commissioner's court, such court, by the proceeding in garnishment, acquired jurisdiction. If such situs was elsewhere, the commissioner's court did not acquire jurisdiction, and the judgment therein pleaded by appellee is a nullity, and payment thereon creates no defense in this action. The endeavor to fix in cases like the present the situs of a debt due by a resident of one jurisdiction to the resident of another has been fruitful of controversy and of differences of judicial opinion. The weight of authority favors the view that for purposes of attachment, as well as for many other purposes,

a debt has its situs at the residence of the owner; the credit-
or; that his state has exclusive jurisdiction over the debt; and
that, therefore, no other state has the power to attach it. It
is because the debt is beyond the jurisdiction of such other
state that it is exempt from attachment; and therefore the
fact that the debtor is found in the state of process, and the
debt garnished in his hands at the suit of a person having a
demand against the nonresident creditor, does not render the
debt liable to attachment, for the debt does not follow the
person of the debtor, and is still situated without the juris-
diction of the attaching court at the residence of the creditor.
See Reno, Nonres. § 138, and the authorities therein cited.
The opinions by Mr. Justice Valentine in the case of Railway
Co. vs Sharitt, 43 Kan. 375, 387, 23 Pac. 430, and of Judge
Clark in the case of Central Trust Co. vs Chattanooga, R. &
C. R. Co., 68 Fed. 685, are each able presentations of the
arguments in support of this view, and are exhaustive in
their review of the cases bearing upon the question. The
contrary view is announced in the cases of Moore vs Rail-
way Co., 43 Iowa, 385, and of Railway Co. vs Barnhill, 91
Tenn. 395, 19 S. W. 21, and the authorities in support there-
of are very thoroughly reviewed in the dissenting opinion of
Chief Justice Horton in the case of Railway Co. vs Sharitt,
supra.

We think that, to the rule as above stated, there must
be recognized an exception in the case of a debtor residing
in the state of process, and whose debt is, either by contract
or by implication of law, payable therein. A debt is an in-
tangible thing, and, in strictness of speech, is incapable of
having a situs at all. The determination of jurisdictional
questions has compelled the courts to ascribe to it a local
habitation. The legal title and right to the debt being in the
creditor, by analogy to the principle that constructive pos-
session is with the rightful owner, the situs of the debt, as
we have seen by probably a majority of the courts, is held to

be the residence of the creditor. But situs founded upon these considerations, being purely constructive, should yield to the fact of payment of the debt or performance of the contract stipulated or legally implied, to be made elsewhere than at the residence of the owner, just as constructive possession, based upon title and ownership, is not indulged against actual possession proven in another. Thus, it is said in the opinion of Mr. Justice Valentine in the case of Railway Co. vs Sharitt, supra: "It is the creditor that owns the debt, and not the debtor; and the situs of the debt must be considered as being either with the owner, or at his residence, or where it is to be paid. Indeed, the more natural situs of any contract, whether a debt or not, would seem to be where it is to be performed." In Railway Co. vs Maggard (Colo. App.) 39 Pac. 985, it is stated: "But, between the plaintiff and defendant, the debt, beyond question, followed the domicile of the plaintiff. That was its situs. But the indebtedness of the garnishee to the defendant did not follow the plaintiff. Its situs was, by contract, fixed where the services were to be performed and the payment to be made." In Railway Co. vs Dooley, 78 Ala. 524, it is said: "The situs of a debt, in the absence of stipulation to the contrary, is the domicile of the creditor." The exception for which we contend is expressly recognized in Renier vs Hurlbut, 81 Wis. 24, 50 N. W. 783. In Missouri, not only is the place of payment recognized as the situs of the debt, but it is held that in all cases where the debtor resides in the state, and the debt is not by the terms of the contract payable elsewhere, he becomes chargeable as garnishee, and the court acquires jurisdiction to condemn the debt. Green's Bank vs Wickham, 23 Mo. App. 663; Walker vs N. K. Fairbanks & Co., 55 Mo. App. 478.

Considerations of policy support the exception. The states of this Union are frequently separated by invisible lines, but they are united by closest ties of business inter-

course.  It would be an unfortunate condition if unwilling debtors could simply cross the lines of their respective states, deposit their funds in nearby banks, and thereby place them entirely beyond the reach of legal process.  It was proven in this case that the fund in controversy, deposited by appellant in the appellee's bank, was payable at the counter of the bank in Purcell, and was therefore payable in the territorial jurisdiction of the commissioner's court, wherein the appellee was a resident.  It might have been held as a rule of law, apart from proof, that money deposited in a bank, without stipulation as to place of payment, is payable to the depositor at the bank.  "The legal relation of banker and depositor, upon a general deposit, is, in most respects, that of debtor and creditor.  By the deposit, the latter parts with, and the former acquires, the title to the specific money deposited, and the one becomes indebted to the other in the amount of the sum deposited.  But, by universal understanding on the part of bankers and depositors, there is a condition attached to the undertaking of the bank.  It is not its duty, as it is that of an ordinary debtor, to seek the creditor and pay him wherever found. It does not undertake to pay without respect to place,—to pay absolutely and immediately; but its engagement is to pay at its banking house when payment shall be called for there.  Everybody understands that to be what it assumes to do.  Banks of deposit could not be conducted in any other way."  Branch vs Dawson, 33 Minn. 399, 23 N. W. 552; Watson vs Bank, 8 Metc. (Mass.) 217; Girard Bank vs Bank of Penn Tp., 39 Pa. St. 92; Downes vs Bank, 6 Hill 297; 1 Morse, Banks, § 310.

The court did not err in finding that the garnishment proceeding was an action in rem, that the debt was payable at the bank, and that the commissioner's court had jurisdiction.  Cooper vs Reynolds, 10 Wall. 308.

2.  The court did not err in its second conclusion of

<div style="margin-left:0">

*Garnishment —Situs of debt —Deposit in bank.*

</div>

law, that the judgment in the original suit, wherein Dean was plaintiff and McBee was defendant, was only voidable, and not subject to collateral attack in this suit. It is an axiom of the law that, when a judgment of a court is offered in evidence collaterally in another suit, its validity cannot be questioned for errors that do not affect the jurisdiction of the court that rendered it. Cooper vs Reynolds, supra. We have already held that the commissioner's court had jurisdiction. This statement disposes also of the tenth assignment of error (if the record made its disposition necessary,) wherein complaint is made of the action of the court in excluding testimony tending to impeach the judgment of the commissioner's court in the garnishment proceeding.

*Judgment—Collateral attack.*

3. We have considered the questions heretofore discussed as they arise upon the court's findings of fact and conclusions of law. Various errors are assigned predicated upon the rulings of the trial court in the admission of testimony. Some of the objections to the evidence admitted are, as the record is presented to us, well taken. The bill of exceptions contains some of the evidence, but it does not show that it contains all the testimony adduced at the trial. In the absence of such showing, we cannot know that errors in admitting testimony were not cured by the introduction of other testimony, which made that objected to competent, or which rendered its admission harmless by establishing the facts sought to be established by the incompetent testimony. In McKinney vs Demby, 44 Ark. 76, the Supreme Court of Arkansas, upon the question that the court's instruction was not supported by evidence, announced the rule as follows: ''This objection fails, because we must presume that there was such testimony, or else the instruction would not have been given. In the absence of a showing that there was no other testimony heard at the trial, every intendment is indulged in favor of the action of the trial court; and this court will presume that every fact susceptible of proof that

*Bill of Exceptions—Evidence—Presumption to support verdict.*

could have aided appellee's case was fully established.    The statutory rule of law is that every judgment of a court of competent jurisdiction is presumed to be right unless the party aggrieved will make it affirmatively appear that it is erroneous." See, also, Dean vs State, 37 Ark. 57, and Woodruff vs McDonald, 33 Ark. 97.    The principle that will presume the existence of evidence to support the court's charge must also presume the existence of evidence to render testimony admitted competent, in the absence of a showing to the contrary in the record.    Such a rule is wholesome, and is followed in other states.    Dull vs Drake, 68 Tex. 205, 4 S. W. 364; Rains vs Herring, 68 Tex. 468, 5 S. W. 369.

Under the rule of this court, it is not necessary to bring up all the evidence introduced at the trial to secure a review of the court's action in the admission of particular

<p style="margin-left:0">Bill of exceptions—Sufficiency.</p>

matters of testimony.    It is sufficient to bring up such a statement as will clearly present to this court the very point involved.    To do this, it must appear from the bill of exceptions that no other evidence bearing upon the question was introduced than that shown therein.

The record not containing reversible error, the judgment is affirmed.

SPRINGER, C. J., concurs.