## HALL vs NEEDLES.

Opinion delivered January 30, 1897.

*1. Setting Aside Judgment—Exception—Motion for New Trial.*

The Appellate Court has no jurisdiction to review the action of the trial court in vacating a judgment and granting a new trial where no exception to the order granting a new trial were

saved, and such order was not suggested as error in the motion for a new trial filed after a subsequent judgment.

2. *Comment of Counsel on Issue Abandoned in Proof.*

Comment by counsel in his opening statement on matters raised by the pleadings, but upon which no proof is offered does not constitute reversible error.

3. *Instruction—Exception.*

When the instructions of the court contain several propositions, some of which are correct, an exception "to all the instructions given by the court, and to the refusal of the instruction asked" is too general to present for review the action of the trial court in giving or refusing instructions.

*Burden to Show Error—Bill of Exceptions—Evidence.*

On appeal, the burden to show error is on appellant, and when the bill of exceptions does not affirmatively show that it contains all of the evidence produced, it will be presumed that sufficient evidence was introduced to support the verdict.

Appeal from the United States Court for the Southern District.

C. B. KILGORE, Judge.

Action in replevin brought by F. J. Hall against T. B. Needles, as United States marshal. Judgment for defendant. Plaintiff appeals. Affirmed.

On August 3, 1891, in the United States Court in the Indian Territory, at Ardmore, appellant, F. J. Hall, as trustee in a certain mortgage executed to him by Dyment & Lane, a firm composed of Walter Dyment and Thomas B. Lane, to secure the repayment of money borrowed by said Dyment & Lane from the Evans-Snyder-Buel Company, instituted this action in replevin against appellee, T. B. Needles, United States marshal, to recover certain beef steers then in custody of appellee as marshal under an order

of attachment sued out by one George P. Laflin against Dyment & Lane. Appellant gave bond under the statute, an order of delivery was issued, and under the same (appellee not giving retaining bond) the cattle were delivered to appellant. This order of delivery shows by its return to have been executed by appellee as United States marshal, by his deputy, J. G. Barnum. At the October, 1891, term of the court, judgment was rendered for appellant. The judgment recited, among other things, that the appellee entered his personal appearance; that appellee was in possession of said cattle as marshal, under said order of attachment; and that appellant should recover no costs of appellee. This judgment continued in force until September 3, 1894, when George P. Laflin, for his own benefit, in the name of appellee, as permitted by statute, filed his petition to have said judgment set aside, and a new trial granted. The grounds set up were that the judgment had been fraudulently procured without service of appellee, and without the entry of an appearance by him, and without his knowledge or consent. Appellant being then a nonresident, summons was duly made by publication of warning order. On April 10, 1895, the court after hearing evidence upon said petition, set aside the judgment, and reinstated the case upon the docket for trial. Trial was had at the October, 1895, term at Ardmore, before a jury, and verdict and judgment for appellee were rendered, from which this appeal is prosecuted.

*A. Eddleman* and *C. B. Kendrick*, for appellant.

1. Federal courts have no power or control over their judgment after the adjournment of the term at which it was rendered. If it does so, no bill of exception is necessary to review an error of this character. Bronson v Schutten, 104 U. S. 410; Hickman vs Ft. Scott, 141 U. S. 415.

2.   Where a statute requires a mortgage to be filed in the county in which the mortgagor resides, and a mortgage is executed by a partnership, one of whom is a non-resident of the state, it is a compliance with the statute if the mortgage is filed in the county where the resident partner resides. Krone vs Cooper, 43 Ark. 547; Hubbardston Lumber Co. vs Count, 35 Mich. 254; 1 Bates on Partnership, §179; Jones on Chattel Mortgages § 259; Colby on Chattel Mortgages, § 575; 3 A. and E. Enc. Law, 193.

*W. B. Johnson, A. C. Cruce* and *Lee Cruce,* for appellee.

1.   The proceedings in this case was under § 5155 Mansf. Dig.   Appellant was present, resisted the order and saved no exception.

2.   The appellate court will not review the instructions of the trial court where only a general exception is saved.   St. L. I. M. & S. Ry. Co. vs Spencer, 71 Fed. 93.

LEWIS, J. (after stating the facts.)   1.   It is urged that the trial court erred in setting aside the judgment rendered in the case in October, 1891, and in reinstating the case upon the docket for trial.   The proceeding to set aside was begun within three years after the rendition of the judgment, was authorized by section 5155, Mansf. Dig., which was in force in the jurisdiction, and was conducted in conformity with law.   To the action of the trial court in setting aside the judgment no exception was reserved.   No motion was made before the adjournment of court at that term, questioning the correctness of its action in any particular.   The case was, after reinstatement, continued to another term by agreement of parties.   At the trial term, appellee, by leave, filed an amended complaint, upon which joined issue.   In the motion for new trial filed by him to aside the judgment then rendered the action of the court

Motion for new trial.

in setting aside the first judgment was not in any way suggested as error.   In this state of the record, we think the correctness of the court's action under the evidence in setting the first judgment is not open to review by us.   Elliott, App. Proc, art. 784 ; 2 Thomp. Trials, art. 2712 ; Joyner vs Hall, 36 Ark. 513.

2.   Exception was taken to the remarks of counsel for appellee in his opening statement to the jury.   The statement is lengthy, and contains the allegation of several distinct matters.   The exception does not point out the specific matter complained of, and might be disposed of upon the ground that it is too general to require consideration.   Gowen vs Bush (May term, 1896) 76 Fed. 349.   In addition, the remarks were with reference to a plea of res adjudicata, which stood as one of the defenses to the action, though it appears, from the absence of testimony upon this

Opening
statement. issue, that it was abandoned.   The opening statement must, of necessity, be left largely to the professional responsibility of counsel and to the discretion of the trial court.   It is a statement of the issues, and of what counsel expect to prove in support of them, and, if a matter stated be pertinent to an issue raised by the pleadings, the court cannot exclude it, nor can its action be questioned, because counsel subsequently fail to support the statement by offer of proof. The objection urged is not well taken.   1 Thomp. Trials arts, 261-266.

3.   Two issues of fact, counsel concede, are raised by the proof:  First.   Was either of the mortgagors, at the time of the execution of the mortgage, a resident of the Indian Territory?   Second.   Were the cattle in appellant's possession prior to their seizure under attachment?   The court submitted these issues to the jury.   In the manner of submitting them the court probably furnished valid ground of complaint by appellant, as it may also have done by re

fusing to submit charges requested by him; but the court's charge contained several propositions, some of which were correct. The request for instructions contained more than one proposition. The exception reserved is as follows: "Plaintiff excepts to all the instructions given by the court, and to the refusal of the instructions asked." It is so well settled as not to require more than the citation of authorities, that this exception is too general to present for review the action of the court in giving or refusing instructions, if any part of the charge given be correct. McClellan vs Pyeatt, 4 U. S. App. 319, 1 C. C. A. 613, and 50 Fed. 686; Beaver vs Taylor, 93 U. S. 46; Lincoln vs Claflin, 7 Wall. 132; Cooper vs Schlesinger, 111 U. S. 148, 4 Sup. Ct. 360; Burton vs Ferry Co. 114 U. S. 474, 5 Sup. Ct. 960; Railroad Co. vs Spencer, 18 C. C. A. 114, 71 Fed. 93.

*Instruction. Exception.*

4.   It is insisted that the proof shows that Lane was a resident of the Indian Territory at the time of the execution of the mortgage, and that, therefore, the judgment is unsupported by the evidence. To sustain this position, we are cited to the case of Krone vs Cooper, 43 Ark. 547. While approving the reasoning and the conclusions announced in that decision, we are of opinion that the evidence in this case raises an issue upon the question of Lane's residence in the Territory at the time the mortgage was given, and that the verdict of the jury cannot be held to be without support in the testimony. It is further contended that the undisputed proof shows that appellant was in possession of the cattle in controversy before the attachment was levied. To determine this contention, we have thoroughly considered the record, and, we are compelled to say, without aid therefrom, the testimony was adduced with so little regard to clearness logical sequence, questions and answers are so confusing and inconsistent as to different bunches of cattle in different pastures at different times, that a reasonable conclusion upon the question under consideration cannot be had. The

burden is upon the appellant, who alleges error, to show it affirmatively. We cannot say that he has done so upon this record as presented to us. It may be further observed that the bill of exceptions does not recite, or show indirectly, that it contains all the testimony. In the absence of such show-ing, we would be compelled to presume that evidence was introduced which was sufficient to support the verdict. Mc-Bee vs Bank, 37 S. W. 55; Ballard vs Noaks, 2 Ark. 45; Rail-way Co. vs Amos, 54 Ark. 159, 15 S. W. 362; McKinney vs Demby, 44 Ark. 74. The judgment is affirmed.

*Presumption to Support Verdict*

SPRINGER, C. J., concurs.