BROWN vs WOOLSEY.

Opinion delivered June 12, 1899.

*1. Evidence—When not part of Record.*

Evidence copied into the transcript, but which is not incorporated in the bill of exceptions, does not become a part of the record in the case and is not reviewable.

*2. Suits between Citizens of Different Tribes—Jurisdiction.*

The United States Court in the Indian Territory has jurisdiction of a suit between a Choctaw citizen and a Chickasaw citizen.

*3. Unlawful Detainer—Evidence as to Title.*

In an action of unlawful detainer in which defendant disputes the title of plaintiff, it is proper to permit a witness to testify that he purchased the premises from the original landlord (under whom defendant claims to hold) and sold said premises to plaintiff.

*4. Unlawful Detainer—Evidence—Former Judgment.*

In an action of unlawful detainer, a judgment in a former cause, for unlawfully detaining the same premises, is inadmissible, unless it be shown that the parties in the last action had succeeded in interest, the parties in the first.

*5.  Verdict—Presumption to Sustain.*

> In the absence of all the evidence in the bill of exceptions the
> appellate court will presume that the verdict was supported
> by the evidence.

Appeal from the United States Court for the South-
ern District.

CONSTANTINE B. KILGORE, Judge.

Action by N. B. Woolsey against T. P. Brown.
Judgment for plaintiff.   Defendant appeals.   Affirmed.

The appellee, N. B. Woolsey, a citizen of the Chicka-
saw Nation, brought this suit of unlawful detainer against
the appellant, T. P. Brown, to recover the possession of
about 150 acres of land situated in the Chickasaw nation,
alleging that he was the original owner of the premises
sued for by purchase from the original landlord, and that
the defendant and appellant, T. P. Brown, a citizen of the
United States, held under the tenant of the original land-
lord, from whom he had purchased; that the term of the
tenant through whom T. P. Brown, the appellant, held, had
expired, and that the appellant, T. P. Brown, unlawfully
detained the possession of the premises, to his damage in
the sum of $500, and prayed the judgment of the court
against the appellant for the possession of the premises and
$500 damages.   The defendant and appellant answered that
he was a Choctaw Indian; that he held the premises sued
for by purchase, and that he had been in the continual ad-
verse possession of the premises sued for for more than
three years prior to the institution of this suit.   He denied
that the plaintiff was the owner of the premises sued for, or
entitled to their possession; denied that he (the appellant)
had ever occupied the premises sued for as a tenant of the
plaintiff, or any other person; and denied that he unlawfully

detained the premises sued for. A trial was had before a jury, and a verdict was rendered for the plaintiff and appellee for the possession of the premises, without damages. Motion for new trial was made, and overruled, and judgment was entered in accordance with the verdict, from which an appeal was prayed and allowed to this court.

*D. B. Trammell*, for appellant.

*Gilbert & Gilbert*, for appellee.

THOMAS, J.   The record in this cause is presented to us by the appellant in such shape that we are unable to review the rulings of the trial court upon most of the propositions presented to us by his counsel, for the reason that these rulings of the trial court can only be reviewed in this court when it affirmatively appears that the bill of exceptions which is made a part of the record in the cause contained "all of the evidence given in the cause." The so-called "statement of facts" and judgment in the case of G. H. Gamblin and A. M. Gamblin against G. S. Brown and a paper purporting to be a contract between T. P. Brown and G. S. Brown, although copied into the transcript, are not parts of the record in this case, and cannot be considered by this court, because they were not properly incorporated in the bill of exceptions.

1.   The appellant has filed a motion in this court to "reverse the judgment of the lower court, with an order to the court below to dismiss this cause, because it is apparent from the face of the transcript that the lower court had no jurisdiction to try the cause because the plaintiff and defendant are both Indian citizens, one a Choctaw and the other a Chickasaw, and that neither were citizens of the United States." The plaintiff's complaint alleges that he is a Chickasaw, and that the defendant is a citizen of the

United States. The defendant, in his answer, alleges that he is a Choctaw. What the testimony was in this cause as to the citizenship of the parties we are unable to say with certainty, as it does not appear affirmatively from the bill of exceptions that all of the evidence given in this cause and before the trial court is presented to us in the bill of exceptions. It is, however, apparent that all of the testimony in this cause before the trial court is not presented to us in the bill of exceptions. Under section 36 of the act of congress approved May 2, 1890, jurisdiction was conferred upon the United States courts in the Indian Territory to hear and determine "all controversies arising between members or citizens of one tribe or nation of Indians and the members or citizens of other tribes or nations in the Indian Territory." If the record in this cause disclosed with certainty that the plaintiff was a Chickasaw Indian and that the defendant was a Choctaw Indian, the court, in that event, had jurisdiction of the parties to this action under the above section, and the appellant's motion in that respect is overruled.

2. The next alleged error urged by the appellant, and which is fairly well saved in his motion for new trial and bill of exceptions, is that the trial court erred in permitting the witness J. B. Nichols to testify that he bought the premises in controversy from J. H. Gamblin, and paid him $1,100 for them. This testimony was properly admitted. The plaintiff alleges that he had purchased the premises from the original landlord, and it was sought to prove by this testimony that the original landlord, J. H. Gamblin, had sold these premises to the witness J. B. Nichols, and that the witness J. B. Nichols had transferred them to the plaintiff in this suit. This was denied by the defendant and appellant. This testimony was admissible to prove that the plaintiff had succeeded to the right of possession, title, and interest of the original landlord, J. H. Gamblin; and the objection of the appellant was properly overruled. The con-

tention of counsel for the appellant that title to the premises in an action of unlawful detainer of this character cannot be admitted in evidence is incorrect, and the cases cited by him do not sustain that principle. He has failed to distinguish between the action of unlawful detainer and that of forcible entry or forcible detainer. If the court in this case had found that the plaintiff and appellee, Woolsey, was not the owner of the premises sued for, and had not succeeded to the title and interest of the original landlord, J. H. Gamblin, by purchase from the witness J. B. Nichols, the plaintiff and appellee could not have maintained this suit. In an action of forcible entry and forcible detainer it is true that the rights of property are not determined. Judge Eakin, in the case of Little vs Grady, 38 Ark. 587, says: "The special object of the summary remedy of forcible entry and detainer is to keep the peace; not to determine the rights of property. It is to prevent any and all persons, with or without title, from assuming to right themselves with strong hand, after the feudal fashion, when peaceable possession cannot be obtained, and to compel them to the more pacific course of suits in court, where the weak and strong stand upon equal terms." The action of unlawful detainer is not designed for the purpose of preserving the peace, but is for the purpose of placing in the possession of property, the landlord or his vendee who is kept out of possession by a tenant, or some one holding under a tenant, after the term of the tenant has expired. Section 4933 of Mansfield's Digest provides that "every action must be prosecuted in the name of the real party in interest," and this testimony was competent to show that the plaintiff was the owner of the premises in controversy, and the real party in interest.

3. The second alleged error urged by the appellant is that the court erred in refusing to permit the plaintiff and appellant to introduce in evidence a judgment recovered by

George Brown against J. H. Gamblin and Ann Gamblin in an action for unlawfully detaining the same premises. The judgment is not properly incorporated in the bill of exceptions in this case, nor is all the evidence in this cause, which would have to be taken into consideration by this court in determining whether or not that record was admissible, presented to us. Every presumption is in favor of the correctness of the judgment of the lower court. There is copied in the transcript (but which is no part of the record) a paper which is marked "Judgment," and we can only presume that this is a copy of the judgment which the appellant claims the trial court would not permit him to introduce. If this is the judgment referred to, it would not be binding upon the parties in this suit, unless the testimony which was adduced before the trial court showed that the parties to the case at bar had succeeded the parties to that suit as to their title and interest to the premises sued for in this action, because a judgment is only binding upon those who are parties to it and those in privity with them. This paper, which is copied in the transcript, and which purports to be the judgment referred to by the counsel for the appellant, as taken alone, would only prove that G. H. Gamblin and A. M. Gamblin had brought a suit against one G. S. Brown, and that a verdict and judgment had been returned against the plaintiffs for costs, and that the defendant in that case, G. S. Brown, was to remain in possession of the premises sued for until the 31st day of December, 1895. Inasmuch as the bill of exceptions in this case does not present to us all the testimony relating to this judgment record which was offered by the appellant, and which was excluded by the trial court, we are unable to say that an error was committed, and presume that the ruling of the trial court was correct.

4.    The third and last alleged error urged by the appellant is "that the verdict is not supported by the evidence, and

is contrary to the law." Inasmuch as the appellant has not presented to us by his bill of exceptions all of the evidence given in this cause in the trial court, the presumption is that the judgment of the trial court is supported by sufficient evidence; and this principle is so universal that it is not necessary to cite authorities to sustain it. The judgment of the lower court is affirmed.

SPRINGER, C. J., and CLAYTON and TOWNSEND, J. J., concur.