TRUSKETT, VS BRONAUGH, et al.

EDWARDS VS SAME.

Opinion delivered September 23, 1903.

1. *Appeal—Bill of Exceptions—Must Contain All Evidence.*

Unless the bill of exceptions shows that it contains all of the evidence offered at the trial, it will be presumed that the verdict of a jury or findings of a court had sufficient evidence to support it, though not set out in the record.

2. *Appeal—Bill of Exceptions—Statement as to Evidence Sufficient.*

On appeal the bill of exceptions recited that plaintiff and other witnesses were sworn in his behalf "all of whose testimony will more fully and at large hereafter appear;" and recited the same facts in reference to the testimony of the defendant; and at the conclusion of the bill there appeared "We the undersigned, counsel for the respective parties hereby agree that the above and foregoing bill of exceptions is correct in all particulars." ·*Held*, that this sufficiently showed that it contained all the evidence.

3. *Trial—Directing Verdict—When Proper.*

When the evidence given at the trial, with all the inferences that the jury could justifiably draw therefrom, is insufficient to support a verdict, so that such verdict, if rendered, must be set aside, the court may direct a verdict for the defendant.

4. *Damages—Action for—From Diseased Cattle—Evidence Making Prima Facie Case.*

In an action for damages caused by defendants driving diseased cattle upon the range where plaintiff's cattle fed and thereby communicating disease to the latter, there was testimony to the effect that about the time the cattle were moved cattle upon defendant's ranch were dying from Texas fever; and it was proven that defendants drove them over plaintiff's ranch and shortly afterwards the plaintiff's cattle became infected with that disease, and that defendants had discussed the danger of infecting the cattle in the locality to which they might drive their own, and did the driving in the night time. *Held*, that

this established a prima facie case, and in view of conflicting evidence the same should have gone to the jury.

Appeal from the United States Court for the Northern District.

Wm. M. Springer, Judge.

Action by Thomas W. Truskett against F. P. Bronaugh and others; and William S. Edwards against F. P. Bronaugh and others. Cases consolidated at the trial. Judgment for defendants in each case. Plaintiffs appeal. Reversed.

These two cases, by agreement, were consolidated at the trial, and are brought up on one record. The plaintiffs in the court below are the appellants here. They each brought separate action against the same defendants in the then Northern District, at Muskogee, for damages alleged to have been sustained by them in consequence of the defendants having negligently and wrongfully brought or driven infected Texas cattle into and upon the range of plaintiffs in the Cherokee Nation, and by reason of the cattle of the defendants mingling with the cattle of the plaintiffs, and grazing upon the range where plaintiffs' cattle fed and grazed, imparted to the said plaintiffs' cattle, as claimed by them, the disease commonly known as Texas or Spanish fever, in consequence of which a large number of plaintiff's cattle sickened and died. It is alleged that the cattle of defendants were driven into and across the range of said plaintiffs in the nighttime, and without plaintiffs' knowledge or consent, and the answer does not deny these allegations. It was proven on behalf of plaintiffs, and not denied by defendants, that previous to the driving of the cattle the defendants, or some of them, had sceretly planned to drive the cattle into the Cherokee Nation in the nighttime, because it was discovered

that the defendants might be held liable for damages arising from the commission of the act itself. The cattle of defendants which are alleged to have communicated the fatal disease to plaintiffs' cattle were brought from the state of Texas early in the year 1890. and placed in pastures in the Osage Indian reservation, and afterwards, and during the following summer, for the purpose of suiting the convenience of defendants, the cattle were moved in the nighttime, as above stated, into the Cherokee country, and driven a distance of several miles, and taken across the Caney river, some distance east into the Cherokee country, where defendants desired to range and graze them. In so doing the cattle of defendants were driven across plaintiffs' range, and were allowed to mingle with plaintiffs' cattle, and these several acts of defendants are alleged to have caused the losses mentioned in plaintiffs' complaints. After all the evidence had been introduced the defendants moved the court to direct the jury to return a verdict in their favor, which was done.

*Porter & Barr*, for appellants.   *Wm. T. Hutchings*, for appellees.

CLAYTON, J.  The only specification of error relied upon by appellants is that the court erred in directing the jury to return a verdict for the defendants. The appellees, however, insist that this court cannot consider this specification of error, because the bill of exceptions fails to state that all of the evidence is before the court. It is undoubtedly true that unless the bill of exceptions shows that it contains all of the evidence offered at the trial it will be presumed that the verdict of the jury or the findings of the court has evidence to support it, although not set out in the record. Dean vs State, 37 Ark. 57; McKinney vs Demby, 44 Ark. 76; G., C. & S. F. R. Co. vs Washington, 49 Fed. 347, 1 C. C. A. 286; So. W. Va. Imp. Co. vs Frari, 58

Fed. 171, 7 C. C. A. 149. But in this case the following appears in the bill of exceptions: "The said plaintiff Thomas W. Truskett, to maintain the issue on his part, was sworn, and testified in his own behalf, and also several other witnesses were sworn in plaintiff's behalf, all of whose testimony will more fully and at large hereafter appear. And the said defendants, to maintain the issues on their part, also, were, two of them, to wit, Robert L. Owen and Thomas L. Boggs, sworn in their own behalf, and also the testimony of several other witnesses in their behalf were heard before the court and jury in said causes, all of which testimony so offered by defendants will also more fully and at large hereafter appear." Then follows the testimony of the witnesses named and defendants. At the conclusion of the bill of exceptions the following agreement of counsel appears: "We, the undersigned, counsel for the respective parties, hereby agree that the above and foregoing bill of exceptions is correct in all particulars." We think this sufficient, although the better practice is to set out specifically at the close of the testimony that "this is all of the evidence offered in the case."

The only question for our consideration in this case is, did the court below err in directing a verdict for the defendants? In the case of Randall vs Baltimore & Ohio R. Co., 109 U. S. 478, 3 Sup. Ct. 322, 27 L. Ed. 1003, the Supreme Court of the United States say: "It is the settled law of this court that when the evidence given at the trial, with all inferences that the jury could justifiably draw from it, is insufficient to support a verdict for the plaintiff, so that such verdict, if rendered, must be set aside, the court is not bound to submit the case to the jury, but may direct a verdict for the defendant." See, also, Metropolitan Railroad Co. vs Moore, 121 U. S. 558, 7 Sup. Ct. 1334, 30 L. Ed. 1022.

The court below directed a verdict for the defendants on the grounds: "(1) That there was no sufficient evidence that the cattle were diseased; (2) that there was no sufficient evidence that the defendants knew they were diseased, if that were the fact.

It is established pretty clearly that the defendants' cattle were brought from Texas to their ranch in the Osage reservation. There is testimony to the effect that about the time they were removed from that ranch to the Cherokee Nation cattle upon the ranch were infected with and dying of the Texas fever. It is proven that the defendants drove them from their ranch to the Cherokee Nation, where they intermingled with plaintiffs' cattle, which shortly afterwards, and in about the time that the disease would have broken out if communicated by defendants' cattle, became infected with the disease and died of it. It is further proven that just before the defendants drove the cattle from their ranch in the Osage Nation they discussed the matter, and expressed the fear that their cattle might infect those over in the Cherokee Nation, and in such case they might be censured and embarrassed, and they knew that the Cherokee law forbade all cattle coming from Texas from being driven into that nation at that season of the year. The proof conclusively shows that after considering these matters they concluded to "take the chances," and to drive them stealthily in the nighttime into the Cherokee Nation, which they did so successfully that the proof of their conduct could not be obtained for years. One of the defendants remarked shortly afterward " that he would lose his right arm before he would give it away."

These facts and circumstances, we think, are sufficiently strong to make prima facie proof not only that the cattle were diseased, but that the defendants knew it. Of course, there was some testimony to the contrary; but it is for the jury to determine the weight to be given to the testimony, and to measure

the credibility of the witnesses.    This thing was done secretly, in the nighttime, so that the proof of the transaction must largely be shown by circumstantial evidence.

We are of the opinion that if it had been submitted to the jury on proper instructions and they had found for the plaintiff, it would have been the duty of the court not to have disturbed the verdict, and hence the case should have been submitted to the jury, and it was error to direct a verdict for the defendant.

Let the case be reversed and remanded.

GILL, C. J., and RAYMOND and TOWNSEND, JJ., concur.