## G. A. Martin Lumber Co. v. Forsythe.

No. 833, Ind. T.   Opinion Filed June 26, 1908.

(96 Pac. 635.)

**APPEAL AND ERROR—Review—Presumptions.** If the bill of exceptions shows that it does not contain all the evidence offered at the trial, it will be presumed that the verdict was supported by the evidence.

(Syllabus by the Court.)

*Appeal from the United States Court for the Northern District of the Indian Territory; Joseph A. Gill, Judge.*

Action by the G. A. Martin Lumber Company against J. W. Forsythe. Judgment for defendant, and plaintiff appeals. Affirmed.

On the 18th day of February, 1904, there was filed in the office of the clerk of the United States Court for the Northern District of the Indian Territory at Nowata a claim in the form of an open account properly verified for $4,511.11 in favor of the appellant, G. A. Martin Lumber Company, and against the appellee, J. W. Forsythe, administrator of the estate of William Greathouse. At said time there was filed a notice of presentation of said claim to said administrator and notice to him by plaintiff, dated February 10, 1904, that on February 22, 1904, the same would be presented to said court at Nowata for allowance.

On November 2, 1904, defendant, Forsythe, filed answer in said cause, denying all information or knowledge of the items of said account, and calling for strict proof of the same, and alleged that a portion of the items of said account was barred by the statute of limitation, and further pleaded that full settlement of all matters of account between the plaintiff and defendant intestate was had on October 3, 1902, at which time $20.87

was found due intestate, and that on October 8, 1902, the same was paid by plaintiff pursuant to said settlement.

By agreement the cause was transferred to Vinita for trial, where the same was tried before a jury, and verdict returned in favor of the plaintiff for the sum of $439.89. Plaintiff filed a motion for new trial, which was overruled, and this appeal was taken to the United States Court of Appeals of the Indian Territory at South McAlester, and comes to this court for final disposition under the terms of the enabling act.

*Edgar Smith, W. B. Lawson,* and *John B. Turner,* for appellant.

*J. A. Tillotson* and *W. H. Kornegay,* for appellee.

HAYES, J. (after stating the facts as above). For a reversal of this case, the following assignments of error were made by appellant:

"(1) The verdict is contrary to the law. (2) The verdict is contrary to the evidence. (3) The verdict is contrary to both the law and the evidence. (4) The verdict is not sustained by sufficient evidence. (5) The assessment of the amount of recovery in the verdict is too small."

Only the last of these assignments of error has been discussed by appellant in his brief. All others were abandoned, and the sole question presented under plaintiff's assignment of error for the consideration of this court is whether the verdict of the jury is supported by the evidence.

This action was based on an open account in favor of plaintiff against Wm. Greathouse, deceased, extending through a period of several years. This account plaintiff endeavored to establish by oral testimony, and by introducing in evidence two ledgers in which said account had been kept. The record clearly discloses that two ledgers were identified as the ledgers in which the account of the deceased Greathouse with plaintiff had been kept. Said ledgers, and particularly certain pages thereof showing said account were introduced in evidence and handed to the jury for examina-

tion, and the court, upon the agreement of counsel by his instructions, permitted the jury to take said books to the jury room, and instructed them that they were permitted to examine any of the pages introduced in evidence showing the alleged account of the deceased Greathouse, but the bill of exceptions does not contain the pages of said ledgers introduced in evidence, and in no way shows the contents thereof, and therefore the only error relied upon by plaintiff for reversal of this case cannot be reviewed by this court, for the reason that, when the bill of exceptions does not embrace the entire testimony, the court will presume that the evidence omitted supports the verdict of the jury. *Sharp v. Johnson,* 22 Ark. 80; *Taylor v. Spears,* 8 Ark. 429; *Brown v. Woolsey,* 2 Ind. T. 329, 51 S. W. 965; *Truskett v. Bronaugh,* 4 Ind. T. 731, 76 S. W. 294.

Appellee in his brief has made objection to the manner in which the appeal in this case was perfected, but since, upon appellant's own theory of the case, the same should not be reversed, we do not deem it necessary to consider the propositions discussed by appellee in his brief.

The judgment of the trial court is affirmed.

Williams, C. J., and Dunn and Kane, JJ., concurring; Turner, J., disqualified, not sitting.