McCLELLAN *et al.* v. PYEATT *et al.*

*(Circuit Court of Appeals, Eighth Circuit.* May 16, 1892.)

No. 32.

1. APPEAL—PRACTICE—ASSIGNMENT OF ERRORS—EXCEPTIONS.
    Where the charge to the jury contains a series of propositions, a single exception thereto in gross cannot be sustained if any proposition is sound, and the appellate court will not, on such an exception, inquire whether any part of the charge is erroneous.

2. SAME—EXCEPTIONS TO INSTRUCTIONS.
    An assignment of error in giving instructions will not be considered where it fails to comply with Cir. Ct. App. Rule 24, 47 Fed. Rep. xi., prescribing that, "when the error alleged is to the charge of the court, the specification shall set out the part referred to *in totidem verbis*, whether it be in instructions given or in instructions refused."

3. SAME.
    Where one of a series of propositions preferred as one request to charge is unsound, an exception to a refusal to charge the whole series cannot be sustained.

4. EXECUTION—CLAIMS BY THIRD PERSONS—BONA FIDES.
    When a third person claims title to chattels seized under execution, a bill of sale executed by defendant to a stranger after the alleged sale to the claimant.is admissible as bearing on the *bona fides* of the sale to the claimant.

5. APPEAL—ASSIGNMENT OF ERRORS—MOTION FOR NEW TRIAL.
    Since a motion for a new trial is, under the federal practice, addressed to the discretion of the trial court, and no error can be assigned to the ruling thereon, such motion will not be considered in aid of an insufficient assignment of errors.

6. CIRCUIT COURT OF APPEALS—FOLLOWING STATE PRACTICE.
    Though the practice act of Arkansas, regulating the practice of state courts of original jurisdiction, is obligatory on the federal courts held in that state and in the Indian Territory, the rules of practice of the supreme court of that state are not adopted by the circuit court of appeals in cases coming from either the state or the territory.

In Error to the United States Court in the Indian Territory.

This was an issue as to the right to property levied on by Henry C. Pyeatt and James C. Kirby under an execution against William P. McClellan, and claimed by Charles M. McClellan. The issue was found for plaintiffs, and. judgment rendered. against Charles M. McClellan and D. W. Lipe, the surety on his bond, and they bring error. Affirmed.

For decision on motion to dismiss the writ of error and vacate the *supersedeas*, see 49 Fed. Rep. 259.

*George E. Nelson* and *Wm. M. Cravens*, for plaintiffs in error.

*John H. Rogers*, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge. The defendants in error on the 3d day of October, 1889, recovered a judgment in the United States court for the Indian Territory against William P. McClellan for the sum of $7,598.07, upon which execution was issued on the next day, and was levied by the marshal on the 5th day of October on certain cattle and horses, as the property of the defendant in the execution. The property so levied upon was claimed by Charles M. McClellan, who executed a bond conditioned as required by section 3042, Mansf. Dig. Ark., with the defendant Lipe as his surety. Thereupon the plaintiff gave notice, as provided by section 3045 of the same digest, and the trial of the right to

the property levied on by the marshal, and claimed by the plaintiff in error McClellan, proceeded in the mode provided by statute, (sections 3042–3047, Mansf. Dig. Ark.) The case was tried by a jury, who found the issues for the plaintiffs in the execution, and assessed their damages at $930 and interest, for which sum judgment was rendered against the claimant, Charles M. McClellan, and Lipe, as surety on the bond, who thereupon sued out this writ of error.

It is said in the brief of counsel for plaintiffs in error that "there was no sufficient recital in the bond of an appraisement. The names of the appraisers do not appear in it. Each article is not appraised, nor does it appear how or by whom the appraisers were sworn." But this was not assigned for error below, and the bond was introduced in evidence without objection, and appears to be in proper form.

The first eight assignments of error relied on in the brief of counsel for the plaintiffs in error relate to instructions given and refused by the court. The court charged the jury at considerable length. The instructions deal with the various aspects of the case, and embrace 11 different points or propositions. The plaintiffs in error excepted to the whole charges in mass. The greater part, if not the whole, of the charge, was good law. Whether any part of it is erroneous we will not inquire, because the rule is well settled that "if the entire charge of the court is excepted to, or a series of propositions contained in it is excepted to in gross, and any portion thus excepted to is sound, the exception cannot be sustained." *Beaver* v. *Taylor*, 93 U. S. 46; *Lincoln* v. *Claflin*, 7 Wall. 132; *Cooper* v. *Schlesinger*, 111 U. S. 148, 4 Sup. Ct. Rep. 360; *Burton* v. *Ferry Co.*, 114 U. S. 474, 5 Sup. Ct. Rep. 960. The court would be justified in disregarding this assignment of errors for another reason. The twenty-fourth rule of this court requires the brief of the plaintiff in error to contain a specification of the errors relied on, and, "when the error alleged is to the charge of the court, the specification shall set out the part referred to *totidem verbis*, whether it be in instructions given or in instructions refused." This requirement has not been observed by the plaintiff in error in this case. Where the record discloses "a plain error, not assigned or specified," we would not be inclined to rigidly enforce this rule, but there is nothing persuasive in this record to induce us to waive it.

What has been said with regard to the exception to the charge given by the court is equally applicable to the exception to the refusal of the court to give the instructions asked by the plaintiffs in error. These comprise a series of six propositions, preferred as one request, "and," the record recites, "the court refusing to give said instructions," the defendant excepted. The sixth proposition of the series was misleading, and not warranted by the pleadings or the facts. Its purpose was to induce the jury to believe that the officer's return that he had levied on the property, and the distinct recital to that effect in the bond executed by the plaintiffs in error, were not sufficient evidence of that fact. This request was properly refused, and, where one of a series of propositions preferred as one request is unsound, an exception to a refusal to charge the whole series cannot be maintained. See authorities cited *supra*.

The court rightly permitted the marshal to amend the return on the execution.

The ninth error to which our attention is called in the brief for the plaintiffs in error is that "the Hedge and Alton bills of sale were irrelevant." These bills of sale were introduced to show that the property which C. W. McClellan claimed to have purchased from W. P. McClellan was treated by both of them, after the alleged sale from W. P. McClellan to C. W. McClellan, as the property of the former, and sold and used for his benefit. These were circumstances bearing on the *bona fides* of the alleged sale of the property by W. P. McClellan to C. W. McClellan, and were properly admitted in evidence.

The suggestion is made that there was a motion for a new trial, and that that motion specifies particularly the paragraphs of the court's charge to the jury intended to be excepted to, and that, as there was an exception to the overruling of the motion for a new trial, all errors properly set out in the motion are sufficiently saved. This is a misconception of the office and effect of a motion for a new trial in the courts of the United States. In these courts the motion for a new trial is designed to invoke the judgment of the trial court on the alleged errors set out in the motion, but the ruling of the trial court on the motion cannot be assigned for error, and neither this court nor the supreme court of the United States will treat the motion for a new trial as a sufficient bill of exceptions or assignment of errors. Its office and functions are limited to the trial court. It has long been settled that a motion for a new trial in a federal court is addressed to the sound discretion of the court, and that the ruling thereon one way or the other cannot be assigned for error. *Doswell* v. *De La Lanza*, 20 How. 29; *Mulhall* v. *Keenan*, 18 Wall. 342; *Railway Co.* v. *Twombly*, 100 U. S. 78; *Railway Co.* v. *Heck*, 102 U. S. 120.

The act of congress (26 St. pp. 81, 94, c. 182, § 31) put in force in the Indian Territory the practice act of the state of Arkansas, regulating the practice in courts of original jurisdiction. The same practice act, so far as relates to actions at law, is, by act of congress, obligatory on the courts of the United States held within the state of Arkansas, but the rules of practice that prevail in the supreme court of Arkansas are not adopted for this court, nor the supreme court of the United States, in cases coming either from the Indian Territory or from the circuit court of the United States in that state. For more than 40 years it has been the settled rule of practice of the supreme court of Arkansas that a motion for a new trial to correct all the errors of the trial court, not apparent upon the face of the record, is essential before a writ of error will be entertained by the supreme court. *Danley* v. *Robbins' Heirs*, 3 Ark. 144, decided in 1840; *Steck* v. *Mahar*, 26 Ark. 536; *Mills* v. *Reed*, 27 Ark. 507.

In the courts of the United States the errors not apparent upon the face of the record are brought onto the record by bill of exceptions, and the bill of exceptions and assignment of errors are the foundation of the case of the plaintiff in error in the appellate court; and in that court neither the motion for a new trial nor the ruling of the trial court upon

it can have any influence in the decision of the cause, **or perform the** office of a bill of exceptions or an assignment of error.

**Judgment affirmed.**