CITY OF MANNING v. GERMAN INS. CO.

(Circuit Court of Appeals, Eighth Circuit. March 11, 1901.)

No. 1,464.

1. ORDER GRANTING OR REFUSING NEW TRIAL WITHIN JURISDICTION OF COURT NOT REVIEWABLE.

An order granting or refusing a new trial, which the court has the jurisdiction to make, is discretionary with the trial court, and cannot be reviewed by appeal or writ of error in the federal courts.

2. THE QUESTION OF THE POWER TO MAKE ORDER FOR NEW TRIAL REVIEWABLE.

But the question whether or not the trial court has the jurisdiction to make an order granting or refusing a new trial is reviewable in the federal courts by an appeal or writ of error challenging such order.

3. ORDER FOR NEW TRIAL—REMEDY FOR INCAPACITY OF JUDGE TO SIGN BILL OF EXCEPTIONS.

An order for a new trial, when the application for it is made in due time, is the proper remedy for the incapacity of the judge who tried the case to settle and sign the bill of exceptions.

**4. COURTS WITHOUT POWER TO VACATE OR MODIFY THEIR JUDGMENTS AFTER THE TERM.**

Judgments at law cannot be vacated or substantially modified by the courts which rendered them subsequent to the expiration of the terms at which they were entered, in the absence of motions or proceedings for that purpose during such terms; and the only exceptions to this rule are that clerical mistakes, and such mistakes of fact not put in issue or passed upon as may be corrected by writ of error coram vobis, or by motion in lieu of that writ, and mistakes in the dismissal of a cause, may be corrected after the expiration of the terms.

**5. POWER AND PRACTICE OF FEDERAL COURTS IN SETTLING BILLS OF EXCEPTIONS AND GRANTING MOTIONS FOR NEW TRIAL INDEPENDENT OF STATE STATUTES AND PRACTICE.**

Section 914 of the federal statutes was not intended to and did not conform the power or the practice of the federal courts to those of the state courts in matters relating to bills of exceptions, motions for new trials, and methods of review of their judgments.

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Southern District of Iowa.

For former opinion, see 100 Fed. 581.

The writ of error in this case challenges an order granting a new trial of an action brought by the German Insurance Company, the defendant in error, hereinafter called the "plaintiff," against the city of Manning, the plaintiff in error, hereinafter called the "defendant," in which a judgment was rendered in favor of the defendant on August 8, 1899, during the May term of the court below. The May term of that court expired on November 20, 1899, and during that term no motion, or notice of motion, or proceedings towards a motion for a new trial of the action were made or taken. The following November term of that court commenced on November 20, 1899, and during that term, and on January 13, 1900, the plaintiff moved for the first time for a new trial of the action, and on the first day of the May term, 1900, that motion was granted. The motion for the new trial was granted solely because the plaintiff had failed to perfect a bill of exceptions under this state of facts: On August 8, 1899, when the judgment was rendered, Judge Woolson, who tried the case, allowed the plaintiff 90 days in which to make a bill of exceptions. There was a dispute between the parties below whether or not this extension of 90 days was subsequently changed by order of the court to 180 days. But Judge Shiras, who heard the motion for a new trial, and found the facts upon which his order was made, decided that there was no such authorized change, and that the time for preparing the bill of exceptions expired on November 7, 1899, during the May term, 1899, of the circuit court. About the 23d day of October, 1899, counsel for defendant wrote to the counsel for plaintiff concerning an extension of time for preparing a bill of exceptions, and he replied that he had no objection to the extension of the time, but that, if counsel for the defendant desired such extension, he requested him to apply for it at once, so that there could be no question in the matter. Defendant's counsel made no application to any one for an extension of time, and it never was extended. On November 7, 1899, when the time to prepare the bill of exceptions expired, Judge Woolson, who tried the case, was so ill that he was unable to attend to his official duties, and he died on December 4, 1899. Judge Shiras, who held the November, 1899, and May, 1900, terms of the court, granted the motion for a new trial because no bill of exceptions had been settled. The order granting the new trial is attacked on the ground that the circuit court had no power to make such an order, and thereby to set aside and vacate its judgment, after the expiration of the term at which it was rendered, in the absence of any motion or notice of motion for that purpose during that term.

B. I. Salinger (A. B. Cummins, on the brief), for plaintiff in error.

George F. Henry (James G. Berryhill, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the case as above, delivered the opinion of the court.

An order granting a new trial in an action sets aside and renders void any former judgment therein. Rev. St. § 987. An order granting or refusing a new trial, which the court has the jurisdiction or power to make, is discretionary, and cannot be reviewed by writ of error or appeal in the federal courts. Railroad Co. v. Howard, 4 U. S. App. 202, 1 C. C. A. 229, 49 Fed. 206; McClellan v. Pyeatt, 4 U. S. App. 319, 1 C. C. A. 613, 50 Fed. 686; Village of Alexandria v. Stabler, 4 U. S. App. 324, 1 C. C. A. 616, 50 Fed. 689; Mining Co. v. Fullerton, 19 U. S. App. 190, 7 C. C. A. 340, 58 Fed. 521; City of Lincoln v. Sun Vapor Street-Light Co., 19 U. S. App. 431, 8 C. C. A. 253, 59 Fed. 756; Criner v. Matthews, 32 U. S. App. 405, 15 C. C. A. 93, 67 Fed. 945; Condran's Adm'x v. Railway Co., 32 U. S. App. 182, 14 C. C. A. 506, 67 Fed. 522. But the question whether or not the court had the jurisdiction or power to make an order granting or refusing a new trial and avoiding a former judgment is always reviewable in the federal courts by a writ of error or an appeal challenging the order, because it goes to the effect and finality of the judgment itself. Phillips v. Negley, 117 U. S. 665, 671, 675, 678, 6 Sup. Ct. 901, 29 L. Ed. 1013.

Two questions are urged upon our consideration. The first is whether or not the court had the power to grant a new trial and avoid the judgment after the expiration of the term at which it was rendered, and the second is whether or not that power was wisely exercised upon the proofs presented in this case. The second question is not open for consideration here, because, if the court had the power to grant the motion, the exercise of that power was discretionary, and not reviewable in this court. Moreover, it is conceded, and that is the extent to which the authorities cited for the defendant go, that, when the motion or application is made at the term at which the judgment is rendered, or within the time fixed by the rules of the court, an order granting a new trial is the proper remedy for the failure of the defeated party to obtain his bill of exceptions on account of the illness or incapacity of the judge who tried the case. Hume v. Bowie, 148 U. S. 245, 255, 13 Sup. Ct. 582, 37 L. Ed. 438; Nind v. Arthur, 7 Dowl. & L. 252; Newton v. Boodle, 3 C. B. 795, 800; Benett v. Steamboat Co., 16 C. B. 28; Borrowscale v. Bosworth, 98 Mass. 34, 36; Malony v. Adsit, 20 Sup. Ct. 115, 44 L. Ed. 163. The only question for our consideration, therefore, is whether or not the court below had the jurisdiction to grant the motion for the new trial and to avoid the judgment of August 8, 1899, after the expiration of the term at which it was rendered, in the absence of any motion or notice of motion or other proceeding looking to its vacation during that term.

In Sibbald v. U. S., 12 Pet. 487, 491, 9 L. Ed. 1167, 1169, Mr. Justice Baldwin, delivering the opinion of the supreme court, said:

"No principle is better settled, or of more universal application, than that no court can reverse or annul its own final decrees or judgments, for errors

of fact or law, after the term in which they have been rendered, unless for clerical mistakes (Cameron v. McRoberts, 3 Wheat. 591, 4 L. Ed. 467; Bank v. Wistar, 3 Pet. 431, 7 L. Ed. 731); or to reinstate a cause dismissed by mistake (The Palmyra, 12 Wheat. 10, 6 L. Ed. 531): from which it follows that no change or modification can be made, which may substantially vary or affect it in any material thing. Bills of review in cases of equity, and writs of error coram vobis, at law, are exceptions which cannot affect the present motion."

In Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797, 799, Mr. Justice Miller, in delivering the opinion of the supreme court, after declaring it to be a general rule that judgments and decrees and orders of the courts are under their control, and may be set aside, vacated, modified, or annulled during the term at which they are pronounced. proceeded to say:

"But it is a rule equally well established that, after the term has ended, all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and, if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision. So strongly has this principle been upheld by this court, that, while realizing that there is no court which can review its decisions, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at whch the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court. Brooks v. Railroad Co., 102 U. S. 107, 26 L. Ed. 91; Public Schools v. Walker, 9 Wall. 603, 19 L. Ed. 650; Brown v. Aspden, 14 How. 25, 14 L. Ed. 311; Cameron v. McRoberts, 3 Wheat. 591, 4 L. Ed. 467; Sibbald v. U. S., 12 Pet. 488, 9 L. Ed. 1167; U. S. v. The Glamorgan, 2 Curt. 236, Fed. Cas. No. 15,214; Bradford v. Patterson, 1 A. K. Marsh. 464; Ballard v. Davis, 3 J. J. Marsh. 656. * * * It is a profitless task to follow the research of counsel for the defendants in error through the numerous decisions of the state courts cited by them on this point in support of the action of the circuit court. The cases from the New York courts, which go furthest in that direction, are largely founded on the statute of that state, and we are of opinion that on this point neither the statute of that state nor the decisions of its courts are binding on the courts of the United States held there. The question relates to the power of the courts, and not to the mode of procedure. It is whether there exists in the court the authority to set aside, vacate, and modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a state or the practice of its courts."

The conclusion was that an order of the circuit court vacating judgments rendered at a preceding term was void, and must be reversed.

In Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013, a writ of error was sued out to review an order vacating a judgment and granting a new trial which was made after the expiration of the term at which the judgment was rendered. In the opinion of the supreme court in that case the opinion of Mr. Justice Miller in the case just cited is carefully reviewed, quoted from, and approved in these emphatic words:

"Although the opinion also shows that, upon the facts of that case the action of the circuit court in vacating its judgment after the term could not be justified upon any rule authorizing such relief, whether by motion or by bill in equity, nevertheless the decision of the case rests upon the emphatic denial of the power of the court to set aside a judgment upon motion made after the term, and grant a new trial, except in the limited class of cases

enumerated as reached by the previous practice under writs of error coram vobis, or for the purpose of correcting the record according to the fact, where mistakes have occurred from the misprision of the clerk. We content ourselves with repeating the doctrine of this recent decision, without recapitulating previous cases in this court, in which the point has been noticed, for the purpose of showing their harmony. It has been the uniform doctrine of this court."

These opinions settle the question presented in this case. There are no decisions of the supreme court to the contrary. The motion which was granted in this case does not fall within the exceptions founded upon mistake or misprision of the clerk, or upon errors remediable by the common-law writ of error coram vobis. The former relate only to mere clerical errors, and the latter are limited generally to the facts that one of the parties to the judgment had died before the judgment was rendered, or was an infant, or no guardian had appeared or been appointed, or was a feme covert, or that there was error in the process through the fault of the clerk. In the later practice of the courts a motion is substituted for this writ. But the foundation of the order here is not among the errors for the relief of which that writ could be issued. The decisions of the supreme court are controlling authority in this court. A careful examination and review of them discloses the fact that the uniform rule of that court is that judgments at law cannot be vacated or substantially modified by the courts which rendered them, subsequent to the expiration of the terms at which they were entered, in the absence of motions or proceedings for that purpose during such terms; and the only exceptions to that rule are that clerical mistakes, such mistakes of fact not put in issue or passed upon as may be corrected by writ of error coram vobis or on motion in lieu of that writ, and mistakes in the dismissal of a case, may be corrected after the expiration of the terms. The case before us falls under the rule, and not under the exceptions. There was no error of fact or mistake of clerk, court, or counsel in the proceedings at the May term, 1899. The judgment was rendered on August 8, 1899. The term did not conclude until November 20th, in that year. During all that time the opportunity was open to the plaintiff to file his motion for a new trial, and thereby to enable the court to retain its jurisdiction over its judgment. On November 7, 1899, when the time for preparing its bill of exceptions expired, and Judge Woolson was too ill to sign it, there still remained 13 days in which to present the motion for a new trial. No such motion was filed. No notice of such motion was given. The result was that the term ended. The control of the circuit court over its judgment ceased. The successful party was discharged from further attendance, and all the subsequent proceedings without his consent were coram non judice and void. Muller v. Ehlers, 91 U. S. 249, 250, 23 L. Ed. 319; Southern Pac. Co. v. Johnson's Adm'x, 69 Fed. 559, 562, 16 C. C. A. 317, 320, 44 U. S. App. 1, 8.

The act of congress of June 5, 1900 (chapter 717), did not validate the order of the court below, because it was passed after the judgment had become final, and after the rights of the parties to it had vested; and congress had no more power than the court to devest or destroy them by its mere fiat without notice or hearing.

It is suggested that under sections 4091 and 4092 of the statutes of Iowa the order granting this new trial and vacating the judgment may be sustained, and that under Rev. St. § 914, which provides that the practice, pleadings, and forms and modes of proceeding in actions at common law shall conform as near as may be to the practice, pleadings, and forms and modes of proceeding in the state courts, these statutes gave authority to the federal court to grant this order. There are two conclusive answers to this contention. The first is that the question here at issue is not, as Mr. Justice Miller said in Bronson v. Schulten, 104 U. S. 410, 417, 26 L. Ed. 797, one of mode of procedure, but of the power of the federal courts; and authority and jurisdiction can neither be conferred upon nor withheld from these courts by the statutes of a state or the practice of its courts. Section 914 of the federal statutes was not intended to and did not conform the power or the practice of the federal courts to those of the state courts in matters relating to bills of exceptions, motions for new trials, and methods of review of their judgments.

In Re Chateaugay Ore & Iron Co., 128 U. S. 544, 553, 9 Sup. Ct. 150, 152, 32 L. Ed. 508, 511, the supreme court said:

"We are of opinion that the practice and rules of the state court do not apply to proceedings in the circuit court taken for the purpose of reviewing in this court a judgment of the circuit court, and that such rules and practice, embracing the preparation, perfecting, settling, and signing of a bill of exceptions, are not within the 'practice, pleadings, and forms and modes of proceeding' in the circuit court which are required by section 914 of the Revised Statutes to conform 'as near as may be' to the 'practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state' within which the circuit court is held, 'any rule of court to the contrary notwithstanding.' "

In Fishburn v. Railway Co., 137 U. S. 60, 11 Sup. Ct. 8, 34 L. Ed. 585, Chief Justice Fuller, delivering the opinion of the supreme court, said:

"In regard to motions for new trial and bills of exceptions, courts of the United States are independent of any statute or practice prevailing in the courts of the state in which the trial is had."

To the same effect are Railroad Co. v. Horst, 93 U. S. 291, 301, 23 L. Ed. 898; Newcomb v. Wood, 97 U. S. 581, 584, 24 L. Ed. 1085; Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286; Missouri Pac. Ry. Co. v. Chicago & A. R. Co., 132 U. S. 191, 10 Sup. Ct. 65, 33 L. Ed. 309.

The result is that the statutes of Iowa did not enlarge or affect the power of the circuit court to vacate the judgment below and to grant the new trial after the expiration of the term at which the judgment was rendered. Moreover, if the court below had been governed by the statutes of Iowa, no power was granted thereby, under the facts of this case, to vacate the judgment and grant the new trial. Those statutes provide that motions for new trials upon the ordinary grounds upon which such motions are filed must be made within three days after the verdict, report, or decision is rendered. Code Iowa 1897, §§ 3755, 3756. No such motion was made in the case in hand. Sections 4091 and 4092 provide that a new trial may be granted after the expiration of the term at which the

judgment is rendered for these six causes: (1) For mistake, neglect, or omission of the clerk or irregularity in obtaining the same; (2) for fraud practiced in obtaining the same; (3) for erroneous proceedings against a minor or person of unsound mind, when such errors or condition of mind do not appear in the record; (4) for the death of one of the parties before the rendition of the judgment or making of the order, if no substitution has been made of the proper representative before the rendition of the judgment or order; (5) for unavoidable casualty or misfortune preventing the party from prosecuting or defending; and (6) for error in the judgment or order shown by a minor within 12 months after arriving at majority. These causes for a new trial are of the nature of those errors which could have been corrected by the use of the writ of error coram vobis, and the case at bar fails to present either of them. The only one which has any semblance of relation to the basis of the motion for a new trial here is the fifth, "for unavoidable casualty or misfortune preventing the party from prosecuting or defending." But there was no casualty or misfortune which prevented the plaintiff from prosecuting this action. All that was required of him to enable the court to retain its control over this judgment after the expiration of the term was to file and submit his motion for a new trial within the term. The failure of the court to decide the motion would not have deprived it of jurisdiction. Woods v. Lindvall, 48 Fed. 73, 1 C. C. A. 34, 4 U. S. App. 45. The illness of Judge Woolson did not prevent the plaintiff from obtaining a bill of exceptions. There were three circuit judges in this circuit, either one of whom would have granted him an extension of time to prepare his bill or a new trial because he could not obtain the signature of Judge Woolson to his bill at any time before the term expired. It was not the illness of Judge Woolson, or his inability to sign the bill of exceptions, that defeated the plaintiff, but its failure during the May term, 1899, to make any motion or application looking to a review of the trial or judgment to any of the four judges who were within the circuit, and who had the power and ability to grant it. Thus it appears that, even if the statutes of Iowa could control, plaintiff has failed to bring itself within them, and the order granting the new trial and vacating the judgment must be reversed. It is so ordered.