METROPOLITAN ST. RY. CO. v. BEATTIE.

(Circuit Court of Appeals, Second Circuit. November 11, 1901.)

No. 44.

**1. JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PLAINTIFF—FINDING OF JURY.**

Where the question whether or not a plaintiff was a citizen of another state from defendant at the time of the commencement of the action, as alleged in his complaint for the purpose of giving a federal court jurisdiction, is submitted to the jury under proper instructions, and on evidence which is not conclusive, their finding thereon in plaintiff's favor will not be set aside on a writ of error.[1]

**2. APPEAL—REVIEW—DAMAGES AWARDED FOR PERSONAL INJURY.**

An award of damages made by a jury for personal injuries, on which judgment is entered by the trial court, will not be set aside as excessive by the circuit court of appeals on a writ of error.

In Error to the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon writ of error to review a judgment in favor of the defendant in error, who was plaintiff below, for $5,074.77 damages for personal injuries.

Charles F. Brown, for plaintiff in error.

Thomas P. Wickes, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The defendant is a citizen of New York. Plaintiff contends that he was a citizen of Connecticut when the action was begun, August 2, 1899. The point most relied on here is that upon the proof the court should have held that he was at that date a citizen of New York, and that therefore the complaint should have been dismissed for lack of jurisdiction. The narrative given by the plaintiff as to his various changes of residence was somewhat confused, and perhaps not altogether consistent. Nevertheless, there was in it sufficient to warrant a finding that he was a citizen of Connecticut, if the jury credited his statements as to his intent. That question was sent to them under a charge which in those particulars was not objected to, and which was very clear and full. The finding of the jury in plaintiff's favor should not now be set aside.

We do not find any harmful error in the court's striking out an answer of the witness Dr. Huntington as not responsive. Manifestly, it was not responsive. If defendant wished to retain the doctor's statement in the record, he could have done so by himself putting a question to which such statement would have been responsive.

The question whether the amount of damages was excessive is not one for the consideration of this court.

[1]Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.