SOUTHERN PAC. CO. v. MALONEY.

(Circuit Court of Appeals, Eighth Circuit. March 4, 1905.)

No. 2,007.

1. TRIAL—DIRECTION OF VERDICT—QUESTION FOR JURY.

In an action by a passenger against a railroad company, based on the alleged act of a train employé in wrongfully taking plaintiff's satchel when she was on a journey, and stealing therefrom her purse, containing all her money, where there was evidence to support such allegation, the loss of the money alone was sufficient to sustain the action of the court in refusing to direct a verdict for defendant without regard to the proof in respect to her claim for other damages.

2. ERROR—REVIEW—INSTRUCTIONS.

Where no exception was taken to that portion of the court's charge defining the elements of damages to be considered by the jury, and no further instruction on the subject was requested, an assignment of error based on that given cannot be considered by the appellate court.

3. SAME—AMOUNT OF RECOVERY—CONCLUSIVENESS OF VERDICT.

In the federal appellate courts, where no error of law appears upon the record, a verdict is conclusive in respect of the amount of damages.

4. SAME—MATTERS NOT REVIEWABLE—RULING ON MOTION FOR NEW TRIAL.

Rulings on motions for new trial are not reviewable in the federal courts because made in the exercise of the sound discretion of the trial court.

In Error to the Circuit Court of the United States for the District of Nebraska.

Sarah Maloney, being possessed of a ticket entitling her to be carried as a passenger over the railroad of the Southern Pacific Company from Ogden, Utah, to San Francisco, California, and desiring to take a train which was standing at the company's station at Ogden, between 1 and 2 o'clock in the morning, and was about to start to San Francisco, made inquiry of a colored porter connected with that train respecting the location of the chair car, whereupon the porter offered to show her to the car, took her satchel, and conducted her into a nearby car, which was not part of the San Francisco train, and was not lighted. He then hastily departed with the satchel, and almost immediately the car was moved about 500 feet away from the San Francisco train, and out into the station yards. Mrs. Maloney alighted from the car, returned to the station, and made complaint of the loss of her satchel and its contents, which included her purse, her railroad ticket, and be-

tween $19 and $20, which was all the money she had. Shortly thereafter the satchel was found and was returned. The money was also found on the person of the porter, but was not returned. The purse and ticket were not found, and were not returned. After some further inconvenience resulting from the loss of her ticket and money, Mrs. Maloney started for San Francisco on one section of the train which she at first intended to take. She was not provided with another ticket, but an order to carry her without a ticket was delivered to the conductor, who failed to hand it to the next conductor, and during the journey Mrs. Maloney had considerable difficulty in inducing the several succeeding conductors to permit her to proceed without a ticket. Money to pay for her meals en route was provided by other passengers, whom she did not know before. The action in the court below was brought by Mrs. Maloney to recover from the Southern Pacific Company the damages resulting from the wrongful acts of the porter. The petition alleged, and there was evidence tending to show, in addition to what is before stated, that the wrongful acts of the porter put her in fear and caused her mental suffering, but no objection appears to have been made to the introduction of this evidence. There was a verdict for the plaintiff assessing her damages at the sum of $2,500, which, by her remission, was reduced to $1,500, and judgment was given in her favor for that amount.

John N. Baldwin and Edson Rich, for plaintiff in error.

C. J. Smyth (Ed. P. Smith, on the brief), for defendant in error.

Before SANBORN, VAN DEVANTER, and HOOK, Circuit Judges.

VAN DEVANTER, Circuit Judge, after stating the case as above, delivered the opinion of the court.

It is complained that the court denied the defendant's request for a directed verdict in its favor; that the court instructed the jury that the defendant was liable for the "damages naturally resulting" to the plaintiff from the wrongful acts of the porter, thereby permitting damages to be awarded for mere inconvenience, fright, and mental suffering; that the damages awarded are excessive; and that the court denied the defendant's motion for a new trial.

In support of the contention that there should have been a directed verdict, it is said that the petition failed to allege, and the evidence failed to show, any substantial injury to the plaintiff, and that, therefore, there was nothing upon which a verdict in her favor could be properly rested. The contention is not well taken. The petition alleged and the evidence established that the porter wrongfully took the plaintiff's money, and she was entitled to a verdict for that amount, no matter what view should have been taken of her claim to damages in other respects.

Nor was there error in the instruction that the defendant was liable for the "damages naturally resulting" from the wrongful acts of the porter. While the language used was quite general, and not calculated to convey to the jury a very definite idea of what could be considered by them in assessing the damages, it stated the law correctly as far as it went, and, if the defendant desired that the jury be more particularly instructed upon that subject, it should have prepared and presented an instruction embodying correct legal propositions applicable to the state of the evidence, and have requested that it be given. This was not done. The record, however, discloses that the subject was not left in the condition suggested by the instruction complained of, but that in the

succeeding portion of the charge the court defined with particularity the elements of damage which the jury should consider. No objection was made or exception taken to that part of the charge. It was therefore assented to, and its correctness is not now open to consideration.

In the federal appellate courts, where no error of law appears upon the record, a verdict is conclusive in respect of the amount of damages. Railroad Co. v. Froloff, 100 U. S. 24, 31, 25 L. Ed. 531; Ash v. Prunier, 44 C. C. A. 675, 678, 105 Fed. 722; Metropolitan Street R. R. Co. v. Beattie, 50 C. C. A. 472, 111 Fed. 945. And in those courts rulings upon motions for new trial are not reviewable, because such a motion is addressed to the sound discretion of the court. Railway Co. v. Heck, 102 U. S. 120; McClellan v. Pyeatt, 1 C. C. A. 613, 50 Fed. 686; City of Manning v. German Insurance Co., 46 C. C. A. 144, 107 Fed. 52; Walker v. Moser, 54 C. C. A. 262, 117 Fed. 230.

The judgment is affirmed.