ST. LOUIS SOUTHWESTERN RY. CO. v. WAINWRIGHT.

(Circuit Court of Appeals, Eighth Circuit.   March 11, 1907.)

No. 2,385.

1. CARRIERS—INJURY TO PASSENGERS—PREMATURE STARTING OF TRAIN—QUESTION FOR JURY.

In an action against a railroad company to recover for a personal injury, the evidence was conflicting, but in one aspect tended to show that, while a vestibuled train of defendant was stopped to let off and take on passengers at a station platform where there was no depot or agent, plain-

tiff, after waiting until passengers came out, as required by defendant's rules, immediately started to go up the steps while the train was yet stationary and the vestibule doors open, intending and prepared to pay his fare and become a passenger; that, as he placed one foot on the step, the train suddenly started, and his other foot struck against a pile of freight on the platform in close proximity to the cars, and he was dragged from the steps under the car and injured. *Held*, that such evidence, if believed, warranted a finding that plaintiff was intending to take passage on the train, in which case he was entitled to the same protection as an accepted passenger and to a reasonable time to enter after the other passengers had alighted; that he acted with due care, and his injury was due solely to the negligence of defendant's servants in starting the train before he could do so; and that therefore it was not error to refuse to direct a verdict for defendant.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, § 1322.

Who are passengers, see note to Chamberlain v. Pierson, 31. C. C. A. 164.]

2. WRIT OF ERROR—REVIEW—DISCRETION OF COURT—RULING ON MOTION FOR NEW TRIAL.

A motion for a new trial in a federal court is addressed to the sound discretion of the court, and its ruling thereon cannot be assigned as error.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 3860–3876.]

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

J. C. Hawthorne (S. H. West, on the brief), for plaintiff in error.

J. W. House (H. A. Parker and M. House, on the brief), for defendant in error.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. This was an action to recover for injuries sustained by the plaintiff below while he was in the act of entering a passenger train of the railway company at Keevil, Ark., with the purpose of becoming a passenger. The negligence charged against the defendant was that freight was piled upon the station platform too near the track, that the train was not stopped long enough to permit intending passengers to enter in safety, and that after the plaintiff had placed one foot upon the steps to the car, and when he was lifting the other thereto, the train was suddenly started, and he was quickly carried against the freight upon the platform, and was thereby pulled off the steps and thrown under the train. In its answer the defendant denied that the plaintiff intended to become a passenger, and that it was guilty of any of the negligence charged, and alleged that the plaintiff's injuries were occasioned by his own negligence. The trial resulted in a verdict and judgment for the plaintiff.

Complaint is made of the court's refusal to direct a verdict for the defendant. The evidence was conflicting, and, in one view, tended persuasively to show these facts: The train in question was a vestibule passenger train and stopped at Keevil to let off and take on passengers. There was no depot or agent there, and a portion of the platform had become incumbered by freight which was piled thereon to within 17

inches of the train and to a height of 4 feet. After the train came to a stop, the plaintiff presented himself on the platform, at the place where the vestibule doors were open and passengers were alighting. He intended to take passage to a near-by station, at which the train regularly stopped, and was prepared and expected to pay his fare. A rule of the defendant, of which he had knowledge, forbade intending passengers to enter until after those who were debarking had alighted. Immediately after the passengers for that station had alighted, and while the train was yet stationary and the vestibule doors were open, he took hold of the handrails, placed one foot upon the steps to the car, and was in the act of raising his other foot thereto, when the train suddenly started, and the foot which he was raising was quickly carried against the projecting pile of freight, whereby he was pulled off the steps, thrown under the train, and sustained severe injuries. The trainmen did not observe that he was intending or attempting to enter the train, but they could readily have done so had they been attentive to their duties. As before stated, the evidence was conflicting; but, putting upon it the construction most favorable to the plaintiff, as must be done in considering the present complaint, we think it amply justified the jury in finding that the plaintiff intended to take passage upon the defendant's train and presented himself in the proper place, at the proper time, and in a proper manner to do so; that he was impliedly invited to enter the train as a passenger, and was impliedly assured that he would have a reasonable time in which to do so after those who were debarking had alighted; that he was acting upon this invitation and assurance and was proceeding with reasonable prudence and promptness when the train was started; that the defendant was negligent in the respects charged, and that its negligence was the proximate and sole cause of the plaintiff's injuries. And as, upon such a state of facts, he would plainly be entitled to recover, in like manner as if he had been expressly accepted as a passenger, the request for a directed verdict was rightly denied. Hutchinson on Carriers (3d Ed.) §§ 1005, 1111; 4 Elliott on Railroads, § 1628; 5 Am. and Eng. Enc. (2d Ed.) 488, 576; 6 Cyc. 538, 612; Cohen v. West Chicago St. Ry. Co., 9 C. C. A. 223, 60 Fed. 698; Texas & Pacific Ry. Co. v. Gardner, 52 C. C. A. 142, 114 Fed. 186; Washington, etc., Co. v. Patterson, 9 App. D. C. 423; Smith v. St. Paul City Ry. Co., 32 Minn. 1, 18 N. W. 827, 50 Am. Rep. 550; Curtis v. Detroit & Milwaukee R. R. Co., 27 Wis. 158, 168; Webster v. Fitchburg R. R. Co., 161 Mass. 298, 37 N. E. 165, 24 L. R. A. 521; Cleveland, etc., Co. v. Wade, 18 Ind. App. 346, 48 N. E. 12; Western & A. Ry. Co. v. Voils, 98 Ga. 446, 26 S. E. 49 35 L. R. A. 655; St. Louis Southwestern Ry. Co. v. Cannon (Tex. Civ. App.) 81 S. W. 778; Hatch v. Ry. Co., 212 Pa. 29, 61 Atl. 480.

Complaint is also made of the denial of a motion for a new trial, but it has long been settled that in the federal courts such a motion is addressed to the sound discretion of the court, and that the ruling thereon cannot be assigned as error. Southern Pacific Ry. Co. v. Maloney, 69 C. C. A. 83, 136 Fed. 171; City of Manning v. German Ins. Co., 46 C. C. A. 144, 107 Fed. 52; Van Stone v. Stilwell & Bierce

Mfg. Co., 142 U. S. 128, 12 Sup. Ct. 181, 35 L. Ed. 961; Newcomb v. Wood, 97 U. S. 581, 24 L. Ed. 1035.

No error being disclosed by the record, the judgment is affirmed.