AMERICAN SMELTING & REFINING CO. v. KARAPA.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1909.)

No. 2,981.

1. MASTER AND SERVANT (§ 263*)—PLEADING—GENERAL DENIAL SUFFICIENT.
   A general denial constitutes a good reply to averments in an answer of plaintiff's contributory negligence and his assumption of the risk.
   [Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 263.*]

2. TRIAL (§§ 418, 420*)—DEMURRER TO PLAINTIFF'S CASE WAIVED BY SUBSEQUENT EVIDENCE FOR DEFENDANT.
   The defendant waives a demurrer to the plaintiff's evidence, or a denial of its motion for judgment on the ground that the plaintiff's evidence establishes no cause of action, by the subsequent introduction of evidence to the merits on its own behalf.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 980–983; Dec. Dig. §§ 418, 420.*]

3. APPEAL AND ERROR (§ 263*)—EXCEPTION INDISPENSABLE TO REVIEW.
   It is indispensable to the review in a federal appellate court of a ruling upon a request for an instruction to the jury that it should have been challenged by an exception.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1516–1532; Dec. Dig. § 263.*]

4. APPEAL AND ERROR (§ 977*)—RULINGS ON MOTIONS FOR NEW TRIAL DISCRETIONARY AND NOT REVIEWABLE.
   When a federal trial court has jurisdiction to grant or refuse a new trial, its order on the subject is discretionary, and it is not reviewable in an appellate court.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

(Syllabus by the Court.)

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the District of Colorado.

Action by John Karapa against the American Smelting & Refining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

William B. Vates, for plaintiff in error.

M. J. Galligan, for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and WILLIAM H. MUNGER, District Judge.

SANBORN, Circuit Judge. The plaintiff in error complains of a judgment against it for damages alleged to have been inflicted upon the defendant in error, one of its servants, by its failure to exercise reasonable care to guard a narrow pathway upon which its employé was placed at work. The complaint set forth in detail the character of the place, the nature of the negligence, and the alleged fact that the defendant in error was caused thereby to step off the pathway into an opening 12 feet deep, and was thereby seriously injured. The plaintiff in error, by its answer, denied these averments, and alleged that the injuries of its servant were caused by his contributory negligence, and that he had assumed the risk of working in the place from which he fell. To this answer the defendant in error interposed a reply, wherein he denied each and every allegation contained in the answer. Two of the specifications of error are that this reply was insufficient; but it fairly met the issues it was interposed to present, and these specifications cannot be sustained. A general denial in a reply of allegations in an answer of the plaintiff's contributory negligence and of his assumption of the risk is sufficient.

There is a complaint that the court overruled the motion of the Smelting Company, made at the close of the case of the defendant in error, that the court should direct a verdict in its favor on the ground that the evidence was insufficient to sustain any other conclusion. But the company subsequently introduced evidence upon the merits of the issues in the case, and a defendant in a trial waives his demurrer to the plaintiff's evidence by the subsequent introduction of evidence to the merits in his own behalf. Insurance Company v. Crandal, 120 U. S. 527, 530, 7 Sup. Ct. 685, 30 L. Ed. 740; Railroad Company v. Mares, 123 U. S. 710, 713, 8 Sup. Ct. 321, 31 L. Ed. 296; United States Fidelity & G. Co. v. Board of Com'rs, 145 Fed. 144, 150, 76 C. C. A. 114, 120; Barnard v. Randle, 110 Fed. 906, 907, 49 C. C. A. 177, 178; Insurance Company v. Frederick, 58 Fed. 144, 147, 148, 7 C. C. A. 122, 126; Insurance Company v. Heiserman, 67 Fed. 947, 15 C. C. A. 95; Jefferson v. Burhans, 85 Fed. 924, 927, 29 C. C. A. 487, 490.

Five of the specifications of error challenge the refusal of the court to give five specific instructions; but no exception was taken to the refusal of the court to give any of them, and hence the questions they suggest are not presented for the consideration of this court. It is indispensable, to a review in the courts of the United States of any ruling of the trial court upon a request for an instruction to the jury,

that it should be challenged by an exception taken and recorded at the time, to the end that the attention of the trial judge may be sharply called to the question presented thereby, and that a clear record of his action and its challenge may be made. Hutchins v. King, 1 Wall. 53, 60, 17 L. Ed. 544; Pomeroy's Lessee v. State Bank of Indiana, 1 Wall. 592, 602, 17 L. Ed. 638; Newport News & Miss. Valley Co. v. Pace, 158 U. S. 36, 37, 15 Sup. Ct. 743, 39 L. Ed. 887; Tucker v. United States, 151 U. S. 164, 170, 14 Sup. Ct. 299, 38 L. Ed. 112; Potter v. United States, 122 Fed. 49, 55, 58 C .C. A. 231, 237; Southern Pacific Co. v. Arnett, 126 Fed. 75, 81, 61 C. C. A. 131, 137.

After the verdict the plaintiff in error made a motion for a new trial in the court below on the grounds that the verdict was contrary to the evidence and that it was contrary to the law, and it assigns as error the refusal of the court to set aside the verdict on either of these grounds and its entry of final judgment pursuant to the verdict. But the court below had plenary jurisdiction to grant or to refuse the motion for a new trial, and to enter or to refuse to enter the judgment pursuant to the verdict. And in the national courts an order granting or refusing to grant a new trial, which the court has the power to make, is discretionary with the court, and is not reviewable in a federal appellate court (Chicago, Milwaukee & St. P. Ry. Co. v. Heil, 154 Fed. 626, 629, 83 C. C. A. 400, 403; City of Manning v. German Ins. Co., 107 Fed. 52, 54, 46 C. C. A. 144, 146; Southern Pacific Co. v. Maloney, 136 Fed. 171, 69 C. C. A. 83), and there was no error in the entry of the judgment pursuant to the verdict.

All the specifications of error have now been considered, and, as none of them can be sustained, the judgment below must be affirmed.

It is so ordered.