## HUNT v. PEARCE et al.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1922.)

No. 5872.

1. **Removal of causes ⬅⮞46—Defendant, who has been served, may remove case to proper federal court on his petition and bond, without petition, application, or action by codefendant not served.**

Where a resident and citizen of one state has brought action in the courts of such state against two citizens, who are residents and citizens of another state, on their alleged joint liability, and the summons has been served on one of them and not on the other, the defendant served may lawfully remove the case to the proper federal court, without any petition, application, or action by the defendant not served.

2. **Appearance ⬅⮞9(6)—Filing of or joinder in petition for removal of cause from state to federal court constitutes special appearance for purpose of removal only.**

The filing of or joinder in a petition or application for the removal of a cause from the state to a federal court and the proceedings on such a petition constitute a special appearance for the purpose of removal only, and are not equivalent to a general appearance, and do not subject the person or property of the petitioner to the general jurisdiction of the court, or waive any defects in or objection to the process, the service, or the lack of service thereof.

3. **Removal of causes ⬅⮞89(1)—Proceedings for removal of cause to federal court held sufficient.**

Where a citizen of one state brought an action in the courts of such state against citizens of another state, and caused service to be made on only one of such defendants, the petition and bond of defendant so served were sufficient for removal of the case to the proper federal court, though notice of application for removal was signed by defendants' attorney as "attorney for defendants," since, if the proceedings were sufficient to constitute a general appearance on the part of the other defendant, they would have been ample to have constituted her joinder in the application and motion for a removal of the cause to the federal court.

4. **Removal of causes ⬅⮞105—Defendant, served after removal, could move for remand after service or general appearance.**

Where an action was brought in a state court against two nonresident defendants, and the property of one of the defendants was attached, though she had not been served with summons, such defendant, on removal of the cause to the federal court on application of other defendant, could move to remand the case within the time allowed her by law to move for a removal after the service of process on her, or after her general appearance in the action.

5. **Removal of causes ⬅⮞111—Federal court had jurisdiction on removal on application of one defendant, though other defendant, whose property had been attached, had not been served before removal.**

Where an action was brought in a state court against two nonresident defendants, and the property of one of the defendants was attached, though she had not been served with summons, the federal court, on re-

<hr>

⬅⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
284 F.—21

moval on application of the other defendant, had plenary jurisdiction of the action and of the property attached, though the other defendant could move to remand the case within the time allowed her by law after service of process on her, or after her general appearance in the action.

6. **Courts** ⬅️508(8)—**Federal court, to which case has been removed, could enjoin prosecution of suit in state court.**

Under Comp. St. § 1011, a federal court to which a cause had been removed on the ground of diversity of citizenship could enjoin the prosecution of the action in the state court.

7. **Appeal and error** ⬅️1170(1)—**Federal court's order enjoining prosecution of case in state court from which cause was removed not reversed on appeal on ground that order was not made in action at law, where such objection was not made in lower court.**

Where defendants, on removal of cause to federal court, petitioned for an injunction against prosecution of the cause in the state court, and the plaintiff answered the petition for the injunction on its merits, tried the issues, and the court decided them, without objection or exception on the part of the plaintiff to the method of procedure, the order will not be reversed, under Rev. St. § 954 (Comp. St. § 1591), and 40 Stat. 1181 (Comp. St. Ann. Supp. 1919, § 1246), on the ground that it was made in an action at law without a complaint or suit in equity.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Action by Mrs. M. E. Hunt against Mary E. Pearce and another. From an order enjoining plaintiff from proceeding with the action in a state court from which the action had been removed (271 Fed. 498), plaintiff appeals. Affirmed.

William Neff, of Muskogee, Okl. (L. E. Neff, of Muskogee, Okl., on the brief), for appellant.

Riley Cleveland, of Okemah, Okl., for appellees.

Before SANBORN and STONE, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. This is an appeal by Mrs. M. E. Hunt, plaintiff below, from an order of the District Court that she be enjoined from proceeding further in this action in the district court of Muskogee county, Okl., wherein this action was commenced, and whence it had been removed to the court below on the petition and bond of T. Pearce, one of the defendants. The action had been commenced in the state court by the plaintiff, a resident and citizen of Oklahoma, against T. Pearce and Mary E. Pearce, citizens and residents of Arkansas, by filing a complaint in that court, on November 27, 1920, to recover of them $26,500 on account of their alleged breaches of an agreement she alleged she had made with them, and on account of their alleged fraudulent and oppressive acts. On the same day the plaintiff caused a summons to T. Pearce to be issued on this complaint, which was served on him in Oklahoma on November 29, 1920, and caused a summons to be issued to Mary E. Pearce and to be delivered to the sheriff of Muskogee County, who made a return thereon on or before December, 1920, that she could not be found. On November 27, 1920, the plaintiff made an affidavit of the nature of her cause of

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

action, and that each of the defendants was a nonresident of the state of Oklahoma and resided in the state of Arkansas, and caused a writ of attachment of the property of the defendants to issue to the sheriff of Muskogee county, which commanded him to attach so much thereof as would satisfy her claim for $26,500. She caused the writ to be delivered to the sheriff, and by virtue thereof he attached the property of the defendants to satisfy the plaintiff's claim on November 29, 1920.

On the 6th day of December, 1920, the defendant T. Pearce made, verified by his oath, and filed in the district court of Muskogee county, a sufficient petition for a removal of this cause to the federal court below. On the same day Mr. Cleveland served on the plaintiff and her attorneys a written notice, which he signed, "Riley Cleveland, Attorney for Defendants," that the defendants would apply to the state court on December 9, 1920, to remove this case to the federal court below. On December 13, 1920, a proper bond with the requisite sureties for such removal was made and filed by the defendant T. Pearce, and approved by the judge of the state court, and that court ordered the case removed to the federal court below, and stayed further proceedings therein in that court. On January 27, 1921, the plaintiff moved the court below to remand this cause to the state court, and on April 18, 1921, that motion was denied, and the court below enjoined the plaintiff, her agents and attorneys, from proceeding further in this cause in the state court. In the meantime, on February 2, 1921, the state court had set aside its order staying proceedings in that court against the defendant Mary E. Pearce, and had ordered her to answer the complaint in that court, but had permitted its stay of proceedings against the defendant T. Pearce in that court to stand.

On the 9th day of February, 1921, the defendants filed their amended petition for an injunction against further proceedings by the plaintiff and her attorneys against Mary E. Pearce or T. Pearce in the state court. On the 10th day of February, 1921, the defendants answered the petition on the merits, and on the 18th day of April, 1921, the court below ordered the issuance of a perpetual injunction against further proceedings in the state court by the plaintiff, Mrs. M. E. Hunt, her agents and attorneys. It is from this order that the appeal in this case was taken.

[1] Counsel for the plaintiff below argue that the enjoining order of the court below against her further proceeding in this action in the state court should be reversed, because the defendant Mary E. Pearce did not join in the petition for the removal of the case from the state court to the federal court. If, at the time of the filing of the petition for the removal, or at the time of the presentation of the petition and bond for removal to the federal court, she had been served with the summons, or had submitted herself to the general jurisdiction of the state court, her joinder for the application of removal might have been requisite. But no summons had been served upon her, and when, as in this case, an action by a resident and citizen of a state has been commenced in one of the courts of the plaintiff's state against two defendants, who are residents and citizens of another state, upon their

alleged joint liability, and the summons has been served upon one of them, but has not been served upon the other, the defendant served may lawfully remove the case to the proper federal court on his own petition and bond, without any petition, application, or action by the defendant not served. Fallis v. McArthur, Fed. Cas. No. 4,627; Tremper v. Schwabacher (C. C.) 84 Fed. 413, 415, 416; Bowles v. H. J. Heinz Co. (C. C.) 188 Fed. 937, 938; Carlisle v. Sunset Telephone & Telegraph Co. (C. C.) 116 Fed. 896. The reason for this rule is that in such a case the defendant served is the sole defendant subject to the general jurisdiction of the state court. The defendant not served may never be served, or may be served after the time has expired for the defendant served to apply for a removal, and unless the latter can make an effective application alone his right to the removal might be lost.

[2, 3] To escape this settled rule counsel contend that the defendant Mary E. Pearce submitted herself to the general jurisdiction of the state court by Mr. Cleveland's signature, as attorney for the defendants, to his notice of December 6, 1920, of his application on December 9, 1920, to remove the case to the federal court, and by the recital in the state court's order of removal of December 13, 1920, that:

"Upon the application of the defendants herein for an order removing this cause to the District Court of the United States for the Eastern District of Oklahoma, and it appearing that the defendants have filed their petition for such removal in due [      ] of law, and that the defendants have filed a bond, duly conditioned, with good and sufficient surety, as provided by law, and that the defendants have given notice to the plaintiff of the filing of said petition and bond: * * * Now, therefore, * * * it is hereby ordered and adjudged that this cause be, and the same is, hereby removed to the District Court of the United States for the Eastern District of Oklahoma."

But (1) the filing of or joinder in a petition or application for the removal of a cause from a state court to a federal court and the proceedings on such a petition constitute a special appearance for the purpose of removal only. They are not equivalent to a general appearance. They do not subject the person or property of the petitioner to the general jurisdiction of the court, or waive any defects in or objections to the process, the service, or the lack of service thereof. Cain v. Commercial Publishing Co., 232 U. S. 124, 134, 34 Sup. Ct. 284, 58 L. Ed. 534; Wabash Western Railway Co. v. Brown, 164 U. S. 271, 276, 279, 17 Sup. Ct. 126, 41 L. Ed. 431; Goldey v. Morning News, 156 U. S. 518, 524, 526, 15 Sup. Ct. 559, 39 L. Ed. 517; Carpenter v. Willard Case Lumber Co. (C. C.) 158 Fed. 697, 702; Louden Machinery Co. v. American Malleable Iron Co. (C. C.) 127 Fed. 1008, 1010; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 441, 442, 30 Sup. Ct. 125, 54 L. Ed. 272. And (2) if the proceedings on the petition for removal had been sufficient to constitute a general appearance by the defendant Mary E. Pearce in the state court, and to submit her person or property to the general jurisdiction of that court, then, by the same mark, they would have been ample to have constituted her joinder in the application and motion for a removal of the cause to the federal court.

[4, 5] Counsel call attention to the fact that when the petition for removal was filed, and when the state court ordered the removal, the

property of the defendant Mary E. Pearce had been attached, and she had the right to remove the case, notwithstanding the fact that she had not been served with a summons. But those facts are not material here. The question here is not, did Mary E. Pearce have the right of removal? It is, did the defendant T. Pearce have that right, and was the cause lawfully removed and brought within the exclusive jurisdiction of the federal court on his petition and bond? And, for the reasons already stated, both these questions must be answered in the affirmative. Nor would these conclusions have deprived the defendant Mary E. Pearce of her right to exercise her option to remove or to refuse so to remove this action. She could have maintained a motion to remand this case within the time allowed her by law to move for a removal after the service upon her of process, or after her general appearance in the action. But until and unless she so moved the federal court would have had, as it now has, plenary jurisdiction of this action and of the property attached in it, and it must proceed to the adjudication of the issues and the disposition of the property involved in it.

[6] Another objection which counsel insist upon is that the defendants were not entitled to the enjoining order upon the merits. But when they made the application for that order this action had been lawfully removed from the state court to the court below, which had acquired full and exclusive jurisdiction of it and of the parties to it. The answer of the plaintiff to the petition for the injunction disclosed the fact that the plaintiff had proceeded in the state court after the removal of this case to this court to obtain an order from the state court requiring the defendant Mary E. Pearce to answer the complaint in that court within 10 days, and setting aside the order staying proceedings against her which that court had made on December 31, 1920. When it accepted the petition and bond for removal, and ordered this cause removed to the federal court, the case had been lawfully removed to the court below. The laws of the United States declared that in such a case it should be the duty of the state court to "proceed no further in such suit," and that the suit should thereafter proceed in the court below in the same manner as if it had been originally commenced in that court. U. S. Comp. Stat. § 1011.

"The courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." Chicot County v. Sherwood, 148 U. S. 529, 534, 13 Sup. Ct. 695, 697 (37 L. Ed. 546).

The jurisdiction of the court below extended to this suit. The power was conferred upon it and the duty was imposed upon it to protect its jurisdiction of the subject-matter of and of the parties to this suit, to adjudicate the controversies therein, and to enforce its adjudication by its injunction against any subsequent proceedings in a state court or elsewhere by the plaintiff, her attorneys, agents, or representatives, which would or might have the effect to impair or defeat its adjudication, its orders, judgments, or decrees or its enforcement thereof. Looney v. Eastern Texas Railway Co., 247 U. S. 214, 221, 38 Sup. Ct.

460, 62 L. Ed. 1084; Julian v. Central Trust Co., 193 U. S. 93, 113, 24 Sup. Ct. 399, 48 L. Ed. 629; Swift v. Black Panther Oil & Gas Co., 244 Fed. 20, 22, 156 C. C. A. 448. The merits of this case demanded the issue of the enjoining order.

[7] Nor is the objection which counsel make to this order that it was made in this action at law without a complaint or suit in equity fatal to it. If the defendants had brought a suit in equity, and pleaded and proved therein the facts pleaded in their petition for the injunction, and proved in this action, they would have been entitled to and would have secured the enjoining order. If, when the defendants presented their petition for the injunction in this action at law, the plaintiff had objected to answering and to procedure thereunder on the ground that the proceeding was not by bill in equity, if that objection had been overruled, and the plaintiff had taken an exception to the ruling, the question which counsel here present, so far as this record shows, for the first time, might have been entitled to some consideration. But they answered the defendants' petition for the injunction on its merits, tried the issues, and the court below decided them, without objection or exception on the part of the plaintiff to the method of procedure. A reversal of the enjoining order on such an objection as is now here made for the first time would violate or disregard section 954, Revised Statutes, U. S. Compiled Statutes § 1591, and chapter 48, page 1181, 40 Statutes at Large (Comp. St. Ann. Supp. 1919, § 1246), to the effect that on any appeal or writ of error the court should give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties, and the familiar rule that in reviewing the proceedings in a trial court in an action at law a federal appellate court is a court for the correction of the errors of the court below only, that, to warrant a review of the question of procedure now under consideration a proper objection, ruling, and exception in the trial court are indispensable to prove the reviewable error, and that where neither the objection or question appears by the record to have been presented to or ruled upon by that court, there is no evidence of any error of that court regarding it which the appellate court can review. American Smelting & Refining Co. v. Karapa, 173 Fed. 607, 609, 97 C. C. A. 517; Mexican International Land Co. v. Larkin, 195 Fed. 495, 496, 115 C. C. A. 405; Board of Commissioners v. Home Savings Bank, 200 Fed. 28, 35, 118 C. C. A. 256.

The enjoining order challenged by the appeal must be affirmed; and it is so ordered.